CARL PRINCE AND WIFE, GUSSIE PRINCE v. LEON PRINCE AND WIFE, VAMA PRINCE

No. 7013SC121

(Filed 6 May 1970)

**1. Appeal and Error § 26— assignment of error to the signing of the judgment — question presented**

An assignment of error to the signing and entry of the judgment presents the face of the record for review, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found, or admitted, support the conclusions of law and the judgment.

**2. Ejectment § 6;   Boundaries § 8— action in ejectment — conversion into processioning proceeding**

Where, in an action in ejectment, the parties stipulate that they are the owners of the lands conveyed to them by their respective deeds and that the only question in controversy is the location of the boundary lines between their lands, the action is converted into a processioning proceeding.

**3. Boundaries § 8— processioning proceeding — burden of proof — issues**

The plaintiffs in a processioning proceeding have the burden of proof to establish the true location of the disputed boundary lines; and if the plaintiffs are unable to show by the greater weight of the evidence the location of the true dividing line at a point more favorable to them than the line contended for by defendants, the issue should be answered in favor of defendant's contentions.

**4. Appeal and Error § 6;   Boundaries § 15— processioning proceeding — judgment — immediate appeal — damages**

An immediate appeal lies from a judgment in a processioning proceeding that determined the location of the boundary lines in controversy but reserved the assessment of damages to a subsequent session of court, where the damages were computable by a mathematical formula agreed upon by the parties.

APPEAL by plaintiffs from *Canaday, J.,* 22 September 1969 Session, COLUMBUS Superior Court.

As originally instituted this action was in ejectment, alleging wrongful possession and damages by defendants. Defendants denied wrongful possession, alleging their title to be by deed. The male parties are brothers and claim under a common source of title (their mother), defendants' deed being first in date of execution and recording.

The parties stipulated that male defendant is the owner and entitled to possession of the property conveyed to him by his mother by deed dated 11 July 1963; and that plaintiffs are the owners and entitled to possession of the property conveyed to them by male plaintiff's mother by deed dated 1 January 1964. The parties also stipulated as follows:

"4.  That the only question involved in the controversy now existing between the parties hereto is the location of the boundary lines separating and dividing the land described in and conveyed to Leon Prince by deed of Ella Prince dated July 11, 1963, and recorded in said Office of Register of Deeds in Book 232 at Page 233, from those described in and conveyed to Carl Prince and his wife, Gussie Prince, by deed of Ella S. Prince, dated January 1, 1964 and recorded in said Office of Register of Deeds in Book 237 at Page 238;"

They further stipulated as follows:

"5.  That the issue to be settled in this action is: 'Where is the true and correct boundary line separating and dividing the lands of Carl Prince and his wife, Gussie Prince, from those of Leon Prince?';"

The parties waived jury trial and agreed that the trial judge hear the evidence, make his findings of facts, conclusions of law, and enter judgment thereon. The judge's findings of fact, conclusions of law, and judgment are as follows:

## "FINDINGS OF FACT

"1.  That in accordance with the written stipulations entered December 11, 1968, consented to by all the parties herein, and their counsel of record, this action was converted into a processioning proceeding in effect.

"2.  That said stipulations are incorporated into this Judgment and form an integral part hereof.

"3.  That the only issue presently before the Court is: 'Where is the true and correct boundary line separating and dividing the lands of Carl Prince and wife, Gussie Prince from those of Leon Prince?'

"4.  That the parties acquired title to their respective tracts of land from a common source, their mother, Ella Prince, with the deed of defendant Leon Prince being prior in date of execution and in date of recording; that the deed to plaintiffs Carl Prince and wife, Gussie Prince, conveyed to them all lands owned by the grantor, subject to and except for the tract theretofore conveyed to Leon Prince.

"5.  That the crucial question for determination in this action is, therefore, the location of the Leon Prince tract referred to in the deed and in the evidence in this cause as a '37½ acre' tract, with the burden of proof being on the plaintiffs.

"6.  That the plaintiffs, without particularizing, contend that defendants' tract of land is located somewhere generally within the area shown in green on the Court Map entitled 'Map in the case Leon Prince, def., vs. Carl Prince, plain.' prepared by H. L. Willis, Jr., Reg. Surveyor, Sept. 22, 1969; that this area is within the points 1, 2, 3, 4, 15, 14 and back to 1 on said Map.

"7.  That the defendants Leon Prince and wife, Vama Prince contend the Leon Prince tract is located precisely within the Red area on the Court Map, running from Point 'A' to point 'B'; thence to point 'C'; thence to point 'D'; thence to point 'A'.

"8.  That the calls in the Leon Prince deed dated July 11. 1963, recorded in Book 232, at Page 233, Columbus County Registry, conform substantially to the calls on the Court Map for the area as contended for and claimed by Leon Prince but do not conform to the area shaded in Green on the Court Map as contended for by plaintiffs and cannot be fitted into said green area on the Map and were not fitted into that area by the plaintiffs' evidence.

"9.  That the grantor in the Leon Prince deed recorded in Book 232, Page 233, intended to convey a tract 'adjoining A. H. McCumbee, D. W. Wright, Earl Wright, and Boss Sarvis,' and that the location of the 37½ acre tract within the Green area as contended by plaintiffs would be contrary to the grantor's intent as disclosed by said reference in the deed but the intent of the grantor is shown to conform to the contention of defendants.

"10.  That the plaintiffs have failed to prove by the greater weight of evidence that the location of the Leon Prince 37½ acre tract in dispute is in the area on the Court Map as contended by plaintiffs.

"11. That the true and correct lines of the Leon Prince 37½ acre tract are located within the Red area on the Court Map, same running from point 'A' to point 'B'; thence to points 'C', 'D' and back to 'A' and are more fully defined as follows:

Beginning at an old iron shaft by a blazed lightwood tree and 18 foot high stump in a Bay, sometimes referred to as Flat Bay, (point 'A' on the Court Map prepared by H. L. Willis, Jr., Reg. Surveyor, Sept. 22, 1969) and runs thence South 15 degrees 35 minutes West crossing Rural Paved Road 1197.06 feet to an old iron shaft and 2 old marked lightwood stakes in edge of a bay (Point 'B'); runs thence North 58 degrees 15 minutes West 1646.3 feet to an old blazed and marked lightwood tree 25 feet high (Point 'C'); thence recrossing said Rural Paved Road North 48 degrees 35 minutes East 1221 feet to Point 'D' on the Map; thence South 57 degrees 07 minutes East 959.6 feet to the point of beginning.

"12. That the foregoing lines in the Leon Prince 37½ acre tract constitute the true and correct boundary line separating and dividing the lands of Carl Prince and wife, Gussie Prince from those of Leon Prince.

## "CONCLUSIONS OF LAW

"1. That plaintiffs have failed to show by the greater weight of evidence the true and correct boundary line between them and defendant, Leon Prince, to be as contended by plaintiffs.

"2. That plaintiffs have failed to show by the greater weight of the evidence the true and correct boundary line to be at a point more favorable to them than the line as contended by the defendants.

"3. The true and correct boundary line between Plaintiffs and defendant, Leon Prince, is that contended by the defendants.

"4. That as a matter of law and fact the true and correct boundary line dividing and separating the lands of plaintiffs and defendant Leon Prince is as follows:

Beginning at an old iron shaft by a blazed lightwood tree and 18 foot high stump in a Bay, sometimes referred to as Flat Bay, (point 'A' on the Court Map prepared by H. L. Willis, Jr., Reg. Surveyor, Sept. 22, 1969) and runs thence South 15 degrees 35 minutes West crossing Rural Paved Road 1197.06 feet to an old iron shaft and 2 old marked lightwood

stakes in edge of a bay (Point 'B'); runs thence North 58 degrees 15 minutes West 1646.3 feet to an old blazed and marked lightwood tree 25 feet high (Point 'C'); thence recrossing said Rural Paved Road North 48 degrees 35 minutes East 1221 feet to Point 'D' on the Map; thence South 57 degrees 07 minutes East 959.6 feet to the point of beginning.

"Now, therefore, it is ORDERED, ADJUDGED and DECREED that the true location of the boundary line separating and dividing the lands of Carl Prince and Wife, Gussie Prince from Leon Prince is as found and concluded above; that Leon Prince is the fee simple owner of that tract of land as shown on the Court Map with outer boundaries shaded in Red, beginning at Point 'A', running thence to Point 'B', thence to Point 'C', thence to Point 'D', and thence to the beginning at Point 'A'; same being described fully in the foregoing Findings and Conclusions; that said Map shall be permanently recorded in the office of the Clerk of Superior Court of Columbus County and the Map is made an integral part of this Judgment.

"It is further ORDERED, ADJUDGED and DECREED that the plaintiffs, Carl Prince and Gussie Prince, and their agents and employees are permanently enjoined and restrained from trespassing or otherwise entering upon the lands designated herein as being owned by Leon Prince;

"It is further ORDERED and ADJUDGED that Leon Prince shall have and recover of plaintiffs, Carl Prince and Gussie Prince as damages for wrongful possession an amount to be determined in accordance with the Stipulations heretofore filed with the papers in this action; that this cause shall remain open to the end that the exact amount of such damages can be determined at a subsequent session of this Court;

"It is further ORDERED and ADJUDGED that plaintiffs, Carl Prince and Gussie Prince, are taxed with costs of Court as assessed by the Clerk, including surveying costs and the allowance to surveyors as witness fees."

From the judgment entered in favor of defendants, plaintiffs appealed, assigning as error the signing and entry of the judgment.

*Smith & Spivey, by Jerry L. Spivey, for plaintiffs.*

*Powell & Powell, by Frank M. Powell, and Powell, Lee & Lee, by J. B. Lee, for defendants.*

BROCK, J.

**[1]**  Appellants' sole assignment of error is to the signing and entry of the judgment. Such an assignment of error presents the face of the record for review, and review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found, or admitted, support the conclusions of law and the judgment. But, such an assignment of error does not present for review the findings of fact or the sufficiency of the evidence to support them. 1 Strong, N.C. Index 2d, Appeal and Error, § 26, p. 152.

**[2]**  Appellants argue that the findings of fact do not support the trial court in applying the rules governing processioning proceedings to this case. It seems clear that the stipulations of the parties converted the action into a processioning proceeding by stipulating ownership of each of the parties, and by stipulating that the only question in controversy is the location of the boundary lines between the lands owned by the parties. *Welborn v. Lumber Co.,* 238 N.C. 238, 77 S.E. 2d·612.

Appellants argue that the findings of fact do not support a judgment in accord with defendants' contention as to the location of the dividing lines because defendants offered no evidence and there are therefore no affirmative findings from evidence in support of defendants' contentions.

**[3]**  Defendants had no burden of proof to establish the boundary lines in accordance with their contentions. The burden of proof was upon the plaintiffs to establish the true location of the disputed boundary lines. "If the plaintiffs are unable to show by the greater weight of the evidence the location of the true dividing line at a point more favorable to them than the line as contended by the defendants, the jury should answer the issue in accord with the contentions of the defendants. (citing cases)." *Coley v. Telephone Co.,* 267 N.C. 701, 149 S.E. 2d 14.

**[4]**  In an understandable, but somewhat unusual procedural convolution, appellants argue that their appeal should be dismissed as a fragmentary and premature appeal. They argue that their appeal is fragmentary and premature because the judgment appealed from left the matter of defendants' damages to be assessed at a subsequent session of court. (See next to last paragraph of judgment quoted above in statement of facts).

The parties stipulated as follows:

"That when the boundary lines have been finally determined the ASC shall compute the proportionate tobacco and corn allot-

ments based upon the cleared lands; and that as to allotments of which an offended party has been deprived, such parties shall be entitled to a damage judgment for the years of such wrongful deprivation, computed at the rate of Fifteen Cents ($0.15) per pound per year of tobacco, and Forty Dollars ($40.00) per acre per year for corn allotment; such damages as computed shall terminate the damage aspect of this law suit."

This stipulation supports that portion of the judgment which reserves the assessment of damages to a subsequent session of court. It is in accordance with the agreement of the parties and requires only a mathematical computation to determine the amount of damages. The judgment as entered determines the location of the boundary lines and concludes the ultimate legal rights of the parties, they having already agreed to a method of computing damages. In such a situation the appealability of the judgment must be resolved on the facts of this case. See McIntosh, N. C. Practice 2d, § 1782 (1969 Pocket Part). In our opinion the judgment as entered was immediately appealable and the case is properly before this Court.

Affirmed.

BRITT and GRAHAM, JJ., concur.