COUNTY OF CURRITUCK v. CHARLIE J. UPTON AND WIFE, ZELMA H. UPTON

No. 731DC499

(Filed 25 July 1973)

1. **Appeal and Error § 26— assignment of error to entry of judgment**

An assignment of error to the signing and entry of judgment presents the face of the record proper for review, including whether the facts found or admitted support the judgment; it does not present for review the findings of fact or the sufficiency of the evidence to support them.

2. **Counties § 5— zoning — order requiring removal of mobile home**

The trial court's findings of fact supported its order that defendants remove their free standing mobile home from a district which is zoned for low density residential and agricultural use and in which such mobile homes are not a permitted use.

APPEAL by defendants from *Horner, Chief District Judge,* 18 December 1972 Session of District Court held in CURRITUCK County.

This is an action by Currituck County to enforce its zoning ordinance. The ordinance in pertinent part provides:

"(A) RA-20 DISTRICT

This district is established as a district in which the principal use of land is for low density residential and

agricultural purposes. The RA-20 District is intended to insure a healthful residential environment at a sufficiently low density in areas not having access to public water supplies and that are dependent on septic tanks for sewage disposal. (Free standing mobile homes are not a permitted use in the RA-20 district; mobile home parks are a conditional use)."

Defendants have located a mobile home for permanent occupancy within the RA-20 district in which such mobile homes are not a permitted use. Currituck County seeks to restrain defendants from taking any action to convert their mobile home into a permanent home and to require removal of the mobile home from the restricted area.

The case was heard by the court without a jury. Both plaintiff and defendants submitted evidence and the court entered the following judgment:

### "JUDGMENT

This cause coming on to be heard upon the complaint of the plaintiff for an injunction requiring the defendants to remove their mobile home from a zoned area of Currituck County and to comply with the zoning regulations of said County, and whereas the parties having appeared in open court, with the County of Currituck being represented by its attorney, William Brumsey, III, and Charlie J. Upton and wife, Zelma H. Upton, being represented by their attorney, Frank B. Aycock, Jr., and evidence having been adduced, and the Court having heard the arguments of counsel and having considered the pleading and the evidence, and being fully advised in the premises finds:

FIRST: That the plaintiff, Currituck County, is a body politic incorporate in the State of North Carolina.

SECOND: That the defendants are not citizens and residents of Currituck County, but are property owners in said County.

THIRD: That on October 7, 1971, a zoning ordinance became effective in plaintiff County and that said zoning ordinance was adopted and passed pursuant to the laws of the State of North Carolina. That since October 7, 1971, said ordinance has been in full force and effect.

FOURTH: That the defendants hold title to the parcel of land consisting of approximately 20,000 square feet, said parcel of land being more fully described in the plaintiff's complaint and said land being located in an area designated as an RA-20 District.

FIFTH: That by the terms of the zoning ordinance of Currituck County, an RA-20 District is established as a district in which the principal use of the land is for low density residential areas and agricultural purposes. The RA-20 District prohibits the use of a free standing mobile home within its boundaries.

SIXTH: The defendants have caused to be located a free standing mobile home on their property located within said RA-20 District in violation of the zoning ordinance of plaintiff County.

SEVENTH: That the defendants have refused to remove said house trailer or mobile home from their parcel of land and have refused to comply with the terms of the plaintiff's zoning ordinance.

EIGHTH: That the plaintiff has no complete, plain or adequate remedy at law.

NOW, THEREFORE, based on the foregoing findings of fact, it is ORDERED, ADJUDGED and DECREED:

1. That the defendants remove their mobile home from the premises described in the complaint of the plaintiff County within thirty (30) days.

2. That the defendants, their agents, servants, or employees are hereby enjoined from moving said mobile home to other lands governed by the plaintiff County zoning ordinance on which the use of mobile homes is prohibited.

This the 14th day of February, 1973.

s/FENTRESS HORNER
Judge Fentress T. Horner"

To the signing and entry of judgment, defendants appealed.

*William Brumsey III for plaintiff appellee.*

*Frank B. Aycock, Jr. for defendant appellants.*

BALEY, Judge.

[1] The sole assignment of error is to the signing and entry of judgment. This presents the face of the record proper for review which includes whether the facts found or admitted support the judgment. It does not present for review the findings of fact or the sufficiency of the evidence to support them. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363; *Prince v. Prince,* 7 N.C. App. 638, 173 S.E. 2d 567; 1 Strong, N. C. Index 2d, Appeal and Error, § 26.

[2] It appears of record that the facts found show the zoning ordinance applicable to Currituck County, effective since 7 October 1971, established an RA-20 District in which the property of defendants was located. The use of a free standing mobile home within this RA-20 District was prohibited under the terms of the zoning ordinance. Defendants had placed their mobile home on their property within this district in violation of the ordinance and refused to remove it.

The findings of fact support the judgment entered.

Affirmed.

Judges CAMPBELL and BRITT concur.