ALTON LEE JARMAN v. BETTY DAWSON JARMAN (NOW BETTY DAWSON JARMAN KELTZ)

No. 723DC365

(Filed 24 May 1972)

1. Appeal and Error § 26— exception to the judgment

An exception to a child custody order presents for review the questions of whether the findings of fact support the order and whether error of law appears on the face of the record.

2. Divorce and Alimony § 24— child custody — sufficiency of findings

The trial court's findings support its conclusion that the best interest of a child required that she remain in the custody of her father, who was assisted in caring for the child by the paternal grandmother, notwithstanding the court also found that the mother had established a home with facilities satisfactory for the child since she consented to the original order awarding custody of the child to the father.

3. Appeal and Error § 57— failure to except to evidence or findings — presumption

Where no exceptions were taken to the admission of evidence or to the findings of fact, the facts found are presumed to be supported by the evidence.

APPEAL by defendant from *Phillips, District Judge,* 1 October 1971 Session of District Court held in CRAVEN County.

This is a civil action instituted on 30 May 1969 wherein plaintiff sought an order for custody of his minor child Angela Dawn Jarman born 8 October 1965. On 4 June 1969 District Judge Wheeler entered an order, consented to by both plaintiff and defendant, awarding the general care, custody and control of the minor child to the plaintiff with reasonable visitation privileges to the defendant. On 25 June 1971 a motion seeking an order for custody of Angela Dawn Jarman was forwarded by defendant's counsel to plaintiff's counsel.

Pursuant to notice served 21 September 1971 this motion came on for hearing at the 1 October 1971 Session of District Court held in Craven County where Judge Phillips made the following pertinent findings and conclusions:

" . . . (T)he defendant has exhibited very little interest in her daughter since August, 1968, and the present time, and has not visited with her since September, 1969.

That both prior and subsequent to the Order dated June 4, 1969, awarding custody of the child to the plaintiff,

Alton Lee Jarman, the Court finds as a fact that the plaintiff, the father of the said child, has made very suitable arrangements with the maternal (sic) grandmother of the said child to assist him in looking after the needs of the said child and in taking care of the said child while the plaintiff works and that the said child is now being reared in a wholesome and proper atmosphere, is now enrolled in the first grade of public school and for the prior two years has been enrolled in kindergarten under the supervision of plaintiff's mother, Mrs. Guy Jarman. . . .

That the child in all respects is properly cared for and supervised and given ample opportunity for association with children her own age; that the said child is active in religious training and is happy; that her father is presently working as a railroad employee in and out of Alexandria, Virginia, and furnishes adequate support for the said child's wants and needs . . . . (T)he plaintiff's mother was in Court and has indicated a continued willingness to assist her son, the plaintiff, in looking after the needs of the said child. . . . (T)he plaintiff's mother, Mrs. Guy Jarman, is active in church, is in good health and is in every way willing and capable of assisting the plaintiff in caring for said child; that the plaintiff is devoted to his child, is a person of good reputation and character and in all respects has furnished adequate care and supervision for the child since the entry of the Order on July 4, 1969, and with the assistance of his mother has continued to furnish a suitable home far and away above the average.

That Betty Dawson Jarman is now Betty Dawson Keltz by reason of having remarried on July 11, 1970 and presently lives in Norfolk, Virginia, with her present husband, Mark L. Keltz; they have no children and live in an apartment complex with approximately 250 to 275 units. The apartment has a kitchen, living room, two bedrooms and bath and is near schools and other children in the neighborhood and the dwelling appears to be adequate for a child of Angela Dawn Jarman's age.

Mr. and Mrs. Keltz appear to be persons of good character and reputation in the community in which they live. She is a housewife who actively participates in church affairs in the community and Mr. Keltz is in the United States

Navy stationed in Norfolk, Virginia. Mrs. Keltz has made no apparent attempt to visit with her daughter, Angela Dawn Jarman, since September, 1969 and only on one or two occasions prior to that date . . . .

\*   \*   \*

That the primary custody of the child should remain with the plaintiff, Alton Lee Jarman; that the best interest and welfare of the said child requires that the custody remain unchanged and the defendant should be allowed to visit with the said child and have said child visit with her away from the home furnished by the plaintiff."

From an order entered on 21 December 1971, awarding the general care, custody and control of Angela Dawn Jarman to the plaintiff with reasonable visitation privileges to the defendant, the defendant appealed.

*Cecil D. May for plaintiff appellee.*

*Robert G. Bowers for defendant appellant.*

HEDRICK, Judge.

[1]   Since the only exception brought forward on this appeal is to the order awarding custody of the child to the plaintiff, our consideration is limited to the question of whether the findings made by the trial judge support the order and whether error of law appears on the face of the record. *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957) ; *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961) ; *Prince v. Prince*, 7 N.C. App. 638, 173 S.E. 2d 567 (1970).

In determining whether the findings support the order we refer first to the applicable statute, G.S. 50-13.2(a) which provides:

"An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child."

"This statutory directive merely codified the rule which had been many times announced by the North Carolina Supreme Court to the effect that in custody cases the welfare of the child is the polar star by which the court's decision must ever

be guided." *In re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524 (1968). In applying these legal principles to the facts of a particular case, the trial judge is vested with a wide discretion for he has an opportunity to observe the parties and the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. *In re Custody of Mason,* 13 N.C. App. 334, 185 S.E. 2d 433 (1971) ; *In re Custody of Pitts, supra.*

[2] It is clear from the findings of fact made by Judge Phillips why he concluded that the best interest and welfare of the child required that the child remain in the custody of her father. The findings reflect the fact that the consent order with the same arrangements with the paternal grandmother had been completely satisfactory and had served the best interest and welfare of the child for more than two years. Although his honor's findings do indicate that the circumstances of the mother have changed since she consented to the order awarding custody of the child to the father, and that she has established a home in Norfolk, Virginia, with facilities satisfactory for a child of Dawn's age, this fact alone did not require a change of the custody, or preclude the judge from awarding the custody of the child to the plaintiff. There is nothing in the record to indicate that the trial judge abused his discretion.

The case of *Boone v. Boone,* 8 N.C. App. 524, 174 S.E. 2d 833 (1970) relied upon by the defendant has no application in the facts of this case. In *Boone* this Court simply held that the evidence did not support a finding "that the best interest, health, and welfare of Daniel Richard Boone, age seven months, and Billy Ray Boone, age two years, would best be served if they were allowed to remain in the custody of the father *and* to remain at the home of Mr. and Mrs. Wilburn Frye."

[3] In the present case since no exceptions were taken to the admission of evidence or to the findings of fact, the facts found are presumed to be supported by competent evidence and are binding on appeal. *Stancil v. Stancil, supra.* We hold no error appears on the face of the record and the facts found by the trial judge support his conclusions which in turn support the order awarding custody of Angela Dawn Jarman to the plaintiff with visitation privileges to the defendant.

Affirmed.

Judges BRITT and PARKER concur.