JEANNINE B. MORRIS, PLAINTIFF v. DON B. MORRIS, DEFENDANT, AND DON B. MORRIS, PLAINTIFF v. JEANNINE B. MORRIS, DEFENDANT

No. 8722DC1188

(Filed 3 May 1988)

**1. Divorce and Alimony § 30— equal division of marital assets equitable— sufficiency of findings to support conclusion**

The trial court's conclusion that an equal division of the marital assets was equitable was supported by its findings that appellant was a high school graduate and sole shareholder of his own corporation; appellee was a high school graduate with business college training and was employed as a medical secretary; and the parties owned several properties together and each maintained a separate IRA account in identical amounts.

**2. Divorce and Alimony § 30— equitable distribution—treatment of mortgage payments and debts as alimony pendente lite**

In making an equitable distribution of marital assets, the trial court did not err in not allowing appellant credit for mortgage payments he made on the marital home after the parties separated, in not equally dividing the marital debts existing at separation, and in not considering appellee's alleged depletion of the marital assets by obtaining foodstuffs, gasoline, and other supplies from appellant's store, since these items were ordered as part of the award of alimony *pendente lite,* and giving appellant credit for any of these items would defeat the purpose of alimony *pendente lite* by penalizing the dependent spouse in the final distribution of the marital assets.

**3. Divorce and Alimony § 16.6— alimony award—parties' accustomed standard of living—sufficiency of findings**

The trial court's findings were sufficient to support an alimony award of $400 per month where the trial court made specific findings with regard to the parties' ages, educational backgrounds, job status, earnings, and properties. Moreover, the court's failure to make a specific finding with regard to the couple's accustomed standard of living did not constitute reversible error where the court's findings did establish that appellee's monthly expenses exceeded her gross pay which resulted in a reduction in her standard of living; prior to separation appellant owned and operated his own business for years; appellant's annual salary exceeded his expenses; the parties owned various properties including a vacation timeshare; and these findings allowed the court to determine the couple's accustomed standard of living.

**4. Divorce and Alimony § 20.3— divorce and equitable distribution—findings insufficient to support award of attorney's fees**

In an action for divorce and equitable distribution, a recital in the judgment that appellee's attorney rendered valuable services was insufficient to support the court's conclusion that appellee was entitled to recover $2,500 in attorney's fees.

APPEAL by appellant, Don Morris, from *Johnson (Robert W.), Judge.* Judgment entered 20 July 1987 in District Court, DAVIDSON County. Heard in the Court of Appeals 14 April 1988.

The parties were married on 10 February 1957. During their marriage they adopted two children. On 16 April 1985, appellant announced to appellee that he wanted a divorce. Despite appellee's requests that appellant remain in the marital relationship, he moved out of the marital home on 19 April 1985. On 24 October 1985, appellee filed an action requesting, among other things, permanent alimony, alimony *pendente lite,* equitable distribution of the marital property and attorney's fees. On 5 December 1985, the trial court entered an order granting appellee's request for alimony *pendente lite* but denied without prejudice her request

for attorney's fees. Subsequently, on 19 December 1986 appellant filed a petition for absolute divorce based on one year's separation. The two actions were consolidated for judgment. Appellant was granted an absolute divorce on 6 July 1987. Judgment granting equitable distribution and alimony was entered on 20 July 1987. In this judgment, the court ordered an equal division of the marital property and further awarded appellee $400.00 per month in permanent alimony and $2,500.00 in attorney's fees.

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by G. Thompson Miller, for plaintiff-appellee.*

*Hedrick, Harp and Michael, by Robert C. Hedrick and Laura Lu Hedrick, for defendant-appellant.*

SMITH, Judge.

Appellant brings forth as his sole assignment of error the trial court's entry of judgment distributing the marital property and ordering him to pay alimony and attorney's fees. He asserts that the evidence, findings of fact, and conclusions of law do not support the trial court's judgment. Appellant contends in his brief that the trial court's distribution of the marital property was not equitable and specifically says that the court, in its findings and conclusions: 1) failed to give credit in the distribution of property for amounts he paid in mortgage principal for the marital home after appellant and appellee separated; 2) failed to consider all marital debts of the parties and distribute them equally; 3) failed to consider, pursuant to G.S. 50-20(c)(11a), acts of appellant to maintain the marital property and the devaluation of other property due to appellant's efforts to support appellee; and 4) failed to correctly valuate certain marital property. Appellant also contends that the evidence and findings regarding the parties' estates, earnings, earning capacity and standard of living fail to support the court's conclusion as to alimony. Finally, appellant argues that the court failed to make adequate findings or meet the statutory requirements for awarding attorney's fees and that the evidence was insufficient to support such a finding had it properly been made.

Appellant's only exception and assignment of error is to the trial court's entry of judgment. He has not excepted to any of the

court's findings of fact or conclusions of law. When no exceptions have been taken to specific findings of fact then those findings are considered to be supported by competent evidence and are binding on appeal. *Anderson Chevrolet/Olds v. Higgins,* 57 N.C. App. 650, 292 S.E. 2d 159 (1982); *Jarman v. Jarman,* 14 N.C. App. 531, 188 S.E. 2d 647, *cert. denied,* 281 N.C. 622, 190 S.E. 2d 465 (1972); *Jackson v. Collins,* 9 N.C. App. 548, 176 S.E. 2d 878 (1970). We therefore do not address any of appellant's contentions regarding the insufficiency of the evidence to support the court's findings of fact. We must only determine whether the findings of fact support the conclusions of law and the judgment entered thereon. *Jarman, supra.*

[1] We first consider whether the trial court's conclusion that "an equal division . . . is equitable" is supported by the findings of fact. Appellant contends in his brief that the court's division was not equitable because certain marital property and liabilities of the parties were not equitably distributed. We disagree. G.S. 50-20(c) provides that "[t]here shall be an equal division . . . unless the court determines that an equal division is not equitable." An equal division is mandatory unless the court finds such division is not equitable. *White v. White,* 312 N.C. 770, 324 S.E. 2d 829 (1985). If evidence of inequity is presented, then the trial court is given discretion in weighing the facts before it to determine a proper distribution of marital assets. *Id.*

> It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion . . . . A ruling committed to a trial court's discretion . . . will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*Id.* at 777, 324 S.E. 2d at 833. In other words, an equitable distribution order should not be disturbed unless "the appellate court, upon consideration of the cold record, can determine that the division ordered . . . has resulted in an obvious miscarriage of justice." *Alexander v. Alexander,* 68 N.C. App. 548, 552, 315 S.E. 2d 772, 776 (1984). In the case *sub judice,* the findings of fact indicate that appellant is a high school graduate and sole shareholder of his own corporation. Appellee is also a high school

graduate with business college training and is employed as a medical secretary. Further, the findings are that the parties own several properties together and each maintains a separate IRA account in identical amounts. There is nothing in the record to indicate any abuse of discretion on the part of the trial court in concluding that "an equal division . . . is equitable."

[2] Appellant has set forth in his brief several statutory and non-statutory factors which he alleges the court did not properly consider in its judgment thus resulting in an inequitable distribution. These factors are: 1) defendant's post-separation mortgage payments on the marital residence; 2) evidence that marital property in Florida awarded to appellant, valued by the court at $14,000.00 (purchase price), was worth only $4,500.00 (tax value); 3) marital debts and 4) acts of appellant during the separation to maintain the marital property contrasted with appellee's alleged depletion of marital property. The only specific findings of fact relating to these factors are a finding concerning the value of the Florida property and a finding that a second mortgage on the marital residence is actually appellant's business debt. Appellant did not except to these findings of fact; therefore, they are binding on appeal. *Jarman, supra.* As to the remaining factors, our Court has held that where a trial court determines that equal distribution is equitable, the judge need not make findings on statutory or non-statutory factors. *Armstrong v. Armstrong*, 85 N.C. App. 93, 354 S.E. 2d 350, *rev. allowed*, 320 N.C. 511, 358 S.E. 2d 515 (1987); *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33, *cert. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985). Therefore, absent a showing that an equal division is inequitable and arbitrary, such a division is mandatory and specific findings of statutory factors under G.S. 50-20(c) and non-statutory factors are not necessary to sustain the judgment. Based on the foregoing and the court's findings as to the parties' background and estates, we are unable to say that the court abused its discretion in ordering an equal division of marital assets. The order for an equal division of property is supported by the findings and conclusions and is affirmed. We further note appellant's contentions that the trial court erred: (1) in not allowing him credit for mortgage payments he made on the marital home after the parties separated; (2) in not equally dividing the marital debts existing at separation; and (3) in not properly considering appellee's alleged depletion of the marital assets

are without merit for other reasons. In support of his first contention regarding mortgage payments, appellant relies on *Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E. 2d 519 (1987). The case now before this Court is factually distinguishable. In *Hunt*, the mortgage payments were not made as a part of alimony *pendente lite* payments. The appellant in the case at bar was ordered to make the mortgage payments as a part of the alimony *pendente lite* award to appellee. With regard to appellant's second contention concerning the failure of the trial court to equally divide the marital debts, appellant relies on G.S. 50-20(c)(11a). We hold that this statute is not controlling because the payment of the marital debts in question was also ordered as a part of the award of alimony *pendente lite*. Lastly, appellant's contention that appellee depleted marital assets by obtaining certain foodstuffs, gasoline and other supplies from appellant's store must fail for the same reason. The purpose of alimony *pendente lite* is to give a dependent spouse immediate support and allow her to maintain her action. *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964). Giving appellant credit for any of these items would defeat the purpose of alimony *pendente lite* by penalizing the dependent spouse in the final distribution of the marital assets. Further, this rationale is supported by G.S. 50-20(b)(3) and (f) which prohibit the court from considering alimony awards in distributing marital property. *Accord In re Foreclosure of Cooper*, 81 N.C. App. 27, 344 S.E. 2d 27 (1986). For these reasons, this Court is of the opinion that appellant's contentions are without merit. We also point out that appellant herein did not except or assign error to any portion of the order awarding alimony *pendente lite*.

[3] We next consider whether the court's findings support an alimony award of $400.00 per month to appellee. Appellant contends that the court's findings as to the estates, earnings and standard of living of the parties were insufficient. We disagree. The trial court is required to take into account each party's estate, earnings, earning capacity, accustomed standard of living and other facts unique to the case. G.S. 50-16.5. The court is also required to make detailed findings concerning these factors. *Spencer v. Spencer*, 70 N.C. App. 159, 319 S.E. 2d 636 (1984). In the case at bar, the court's findings specifically set forth the parties' ages, educational backgrounds, job status, earnings, and properties. The court, however, did not make any detailed findings as to

the couple's accustomed standard of living. A lack of such a finding may constitute reversible error. *Perkins v. Perkins,* 85 N.C. App. 660, 355 S.E. 2d 848, *disc. rev. denied,* 320 N.C. 633, 360 S.E. 2d 92 (1987). That is not the case here. The trial court's findings established that 1) appellee's monthly expenses exceeded her gross pay which resulted in a reduction in her standard of living; 2) prior to separation, appellant owned and operated his own business for years; 3) appellant's annual salary exceeded his expenses, and 4) the parties owned various properties including a vacation timeshare. These findings allowed the court to determine the couple's accustomed standard of living. A specific finding regarding the standard of living was not necessary. *See Beaman v. Beaman,* 77 N.C. App. 717, 336 S.E. 2d 129 (1985) (court's findings that defendant's income inadequate to meet expenses for years prior to separation and plaintiff's income outpaced his expenses allowed court to determine standard of living so that specific finding of fact not necessary).

[4]   Finally, we consider whether the court's findings of fact and conclusions of law support its award of $2,500.00 in attorney's fees to appellee. We conclude that the findings of fact are insufficient to support this award.

> An award of attorney's fees . . . cannot be upheld where the court failed to make findings of fact upon which a determination of the reasonableness of the fees can be based, such as the nature and scope of the legal services rendered, and skill and time required (citation omitted). The conclusory finding that plaintiff's attorney had rendered 'valuable' legal services fails to qualify as a finding upon which a determination of the reasonableness of the . . . fee can be based.

*Brown v. Brown,* 47 N.C. App. 323, 327-328, 267 S.E. 2d 345, 348-349 (1980). The court's finding of fact here fails to set forth any of the required factors necessary to determine the reasonableness of the award. The judgment merely contains a finding that appellee's attorney rendered valuable services. This recital is not sufficient to support the court's conclusion that appellee is entitled to recover $2,500.00 in attorney's fees. Therefore, the case must be remanded to the trial court for such findings regarding attorney's fees as are consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges JOHNSON and PHILLIPS concur.