TYSON, Judge.
 

 *527
 
 Melinda L. Miller (now Crowell) ("Defendant") appeals from the trial court's judgment on equitable distribution. We affirm.
 

 I. Background
 

 Plaintiff and Defendant married in 2004 and separated on 29 March 2009. No children were born of the marriage. Plaintiff is a licensed physical therapist. In 1996, he founded Cleveland Physical Therapy Associates ("CPTA"). Prior to the marriage, Plaintiff transferred seven percent of the stock in CPTA to his younger brother, and retained the remaining ninety-three percent of the stock. Plaintiff transferred ten percent of CPTA's stock to Defendant during their marriage.
 

 Defendant began working at CPTA shortly after the parties married. Her duties included, but were not limited to, administrative tasks and maintaining accounts receivables. Defendant served as Executive Vice President of Operations for CPTA from 2004 until 2010. Defendant continued to work for CPTA for approximately six months after the parties separated. She continued to perform certain tasks for the company from her home office. In October 2009, Defendant's employment ceased pursuant to agreement between the parties.
 

 On 18 April 2011, Plaintiff filed a complaint seeking divorce and equitable distribution. Defendant filed an answer and counterclaim seeking divorce from bed and board, post-separation support, alimony and equitable distribution.
 

 *528
 
 On 10 May 2012, Judge Meredith A. Shuford entered an order addressing Defendant's claim for post-separation support. The court found Plaintiff had voluntarily kept Defendant on CPTA's payroll from March 2009 through April 2012, after the separation, rather than individually paying her post-separation support. The court found the payments made by CPTA to Defendant were for spousal support.
 

 The court further found Plaintiff was paid her normal salary of $8,333.33 per month, totaling $100,000.00 per year, through October 2011. From November 2011 through April 2012, CPTA decreased her income by fifteen percent. After the parties separated, CPTA continued to pay Defendant monthly payments in the aggregate of $281,227.88. CPTA additionally paid Defendant's health insurance, car payments, and miscellaneous other expenses totaling $53,804.18. Judge Shuford found the total value of the income from Plaintiff and CPTA to Defendant between March 2009 and April 2012 was $335,032.06.
 

 *453
 
 The court found: (1) Defendant was entitled to post-separation support from March 2009 through April 2012 in the amount of $4,700.00 per month; (2) the total obligation over that time period is $178,600.00; and, (3) Defendant had received income in excess of Plaintiff's obligation for post-separation support. The court concluded "[P]laintiff is entitled to a credit against the award for the voluntary payments that were made by [CPTA]."
 

 The parties' equitable distribution claims were heard before the trial court on three dates in March and June 2014. The trial court entered judgment on 8 September 2014. With regard to Plaintiff's "overpayment" of post-separation support to Defendant, the court found:
 

 152. The distributional factor of excessive compensation paid to Defendant, post-separation, relates to Judge Shuford's Post-Separation Support Order from May 2012. Judge Shuford found that payments to Defendant (salary and other benefits) totaled $335,032.00 between March 2009 and April 2012. Plaintiff's post-separation support obligation during the same period was found to be $178,600.00.
 

 153. While Judge Shuford's order does not quantify the excess income paid to Defendant, subtraction of the lower from the higher figures shows it to be $156,432.00.
 

 154. Plaintiff exceeded his post-separation support obligation to Defendant in the amount of $156,432.00.
 

 *529
 
 155. Judge Shuford concluded that Plaintiff is "entitled to a credit against the award for the voluntary payments that were made by the company." Judge Shuford did not specify whether the credit should be applied toward any distributional award to Defendant from the Equitable Distribution case or toward Defendant's alimony claim, which is still pending.
 

 156. Plaintiff's overpayment of post-separation support to the Defendant should be applied as a distributional factor in Plaintiff's favor[.]
 

 The court found an equal distribution would not be equitable, and Defendant should receive a greater share of the marital estate than Plaintiff. The court ruled an equitable, unequal distribution in Defendant's favor required a distributive award of $138,216.00 to Defendant. The court further found, "[h]alf of the credit from Judge Shuford's order-$78,216.00-should be immediately applied toward the distributive award, reducing the total distributive award [to Defendant] to $60,000.00." The court set guidelines for Plaintiff's payment of the $60,000.00 to Defendant, as follows:
 

 a. Payment of the $60,000.00 distributive award shall be deferred for one year from the entry of this Order.
 

 b. If within one year from the entry of this Order, Defendant fails to prosecute her claim for alimony
 
 OR
 
 Defendant's claim for alimony fails
 
 OR
 
 Defendant's claim for alimony is dismissed, the entire credit from Judge Shuford's Order-$156,432.00-shall be applied toward the $60,000.00 distributive award in equitable distribution, resulting in Plaintiff owing nothing to Defendant. For purposes of the this paragraph, the phrase 'claim for alimony fails' means that Defendant prosecutes her claim but that Plaintiff is not ordered to pay Defendant any amount of alimony and should include, but not be limited to, the circumstance whereby the court finds Plaintiff has already satisfied his spousal support obligation to Defendant.
 

 c. If within one year from the entry of this Order, Defendant prosecutes her claim for alimony
 
 AND
 
 Plaintiff is ordered to pay Defendant some amount of alimony, the amount of alimony Plaintiff is ordered to pay Defendant should be offset by the remaining credit of $78,216.00.
 

 *530
 
 For example, if the total award of alimony is $90,000.00, Plaintiff shall be ordered to pay Defendant a total alimony award of $11,784.00 ($90,000.00-$78,216.00 = $11,784.00), as well as the $60,000.00 distributive award in equitable distribution. If the total award of alimony to Defendant does not exceed the credit of $78,216.00, then the credit shall first be applied against the alimony award and the difference between the credit (a higher amount) and the amount Plaintiff is ordered to pay
 
 *454
 
 in alimony (a lower amount) should next be applied against the distributive award in equitable distribution. For example, if the total award of alimony is $40,000.00, then the credit of $78,216.00 should first be applied against the alimony award, reducing the alimony award to zero. The remaining credit amount of $38,216.00 ($78,216,00-$40,000.00 = $38,216.00) should next be applied against the distributive award of $60,000.00, resulting in Plaintiff owing Defendant $21,784.00 as a distributive award in equitable distribution.
 

 (emphasis in original).
 

 Defendant appeals from the trial court's determination of equitable distribution.
 

 II. Issues
 

 Defendant argues the trial court erred by: (1) considering post-separation support as a distributional factor and by ordering a credit pending the outcome of her pending alimony claim; and, (2) excluding Defendant's expert's testimony and report from evidence.
 

 III. Credit for Overpayment of Post-Separation Support
 

 A. Standard of Review
 

 "Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion."
 
 Wiencek-Adams v. Adams,
 

 331 N.C. 688
 
 , 691,
 
 417 S.E.2d 449
 
 , 451 (1992). An abuse of discretion will be found only (1) "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision,"
 
 State v. Hennis,
 

 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) (citation omitted), or (2) when "the trial judge failed to comply with the statute."
 
 Wiencek-Adams,
 

 331 N.C. at 691
 
 ,
 
 417 S.E.2d at 451
 
 .
 

 *531
 

 B. Analysis
 

 N.C. Gen.Stat. § 50-20 governs the distribution of marital and divisible property. "Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of [the statute]." N.C. Gen.Stat. § 50-20(a) (2013). The court shall determine the net values of the marital property and the divisible property and divide the property equally between the parties unless, as the court determined in this case, an equal division is not equitable. N.C. Gen.Stat. § 50-20(c) (2013). The statute lists twelve factors for the court's consideration to determine whether an equal division of the property is equitable.
 

 Id.
 

 Here, the trial court found Defendant should receive a greater share of the net marital estate.
 

 Under the statute, " '[d]istributive award' means payments that are payable either in a lump sum or over a period of time in fixed amounts, but shall not include alimony payments or other similar payments for support and maintenance which are treated as ordinary income to the recipient under the Internal Revenue Code." N.C. Gen.Stat. § 50-20(b)(3) (2013). The statute further provides, "[t]he court shall provide for an equitable distribution without regard to alimony for either party or support of the children of both parties." N.C. Gen.Stat. § 50-20(f) (2013)
 

 In the unchallenged and binding post-separation support order, Judge Shuford found Plaintiff had paid Defendant $156,432.00 more than Defendant was entitled to receive as post-separation support. In the subsequent equitable distribution order, the court found that Judge Shuford's post-separation support order "[does] not specify whether the credit should be applied toward any distributional award to Defendant from the Equitable Distribution case or toward Defendant's alimony claim, which is still pending." The court found an unequal distribution in Defendant's favor was equitable, and would require a distributive award of $138,216.00. The trial court used half of Plaintiff's $156,432.00 "credit" to immediately offset the distributive award, and retained the remaining half as potential credit to Plaintiff if Defendant failed to prosecute her pending alimony claim, or her alimony claim failed. Due to the court's inclusion of the overpayment credit as a distributional factor, Defendant received $78,216.00 less than the court determined her distributive award to be.
 

 *455
 
 This amount may be further reduced based upon the outcome of her alimony claim.
 

 *532
 
 Defendant argues the overpayment of post-separation support is not divisible property pursuant to N.C. Gen.Stat. § 50-20, and the court's application of the credit to offset Plaintiff's obligation under the distributive award violates the statute. We disagree.
 

 The parties agree that it would be error for the court to consider Plaintiff's obligation for post-separation support as a distributional factor in equitable distribution. Judge Shuford found Defendant was entitled to receive $178,000.00 in post-separation support. Pursuant to N.C. Gen.Stat. §§ 50-20(b)(3) and (f), it would have been error for the trial court to consider that $178,000.00 in its equitable distribution order.
 

 Plaintiff had paid Defendant $156,432.00 in excess of his legal obligation for post-separation support. This amount, considered by the court in its equitable distribution order, was not post-separation support or alimony. It was, as Judge Shuford found as fact, "
 
 income in excess
 
 of [P]laintiff's obligation for post-separation support." (emphasis supplied).
 

 Precedents from our Court are instructive on this issue. In
 
 Morris v. Morris,
 

 90 N.C.App. 94
 
 , 98,
 
 367 S.E.2d 408
 
 , 411 (1988),
 
 overruled on other grounds by
 

 Armstrong v. Armstrong,
 

 322 N.C. 396
 
 , 403,
 
 368 S.E.2d 595
 
 , 599 (1988), the husband argued the trial court erred by not "allowing him credit for," or considering as a distributional factor in equitable distribution, his post-separation mortgage payments on the marital residence. The husband had made those payments to the wife pursuant to an alimony pendente lite order. This Court affirmed the trial court's refusal to consider the husband's post-separation mortgage payments, because those payments were made pursuant to an alimony order. To award him credit would have been a plain violation of N.C. Gen.Stat. 50-20(f).
 
 Id.
 
 at 99,
 
 367 S.E.2d at 411
 
 .
 

 The husband in
 
 Morris
 
 relied on
 
 Hunt v. Hunt,
 

 85 N.C.App. 484
 
 ,
 
 355 S.E.2d 519
 
 (1987). In
 
 Hunt,
 
 this Court held the trial court should have given the husband credit in equitable distribution for post-separation mortgage payments. The husband made post-separation mortgage payments to the wife, while not under a court order to do so. He argued he should get credit for those payments in equitable distribution, but the trial court determined the payments were spousal support and not eligible for consideration.
 
 Id.
 
 at 490,
 
 355 S.E.2d at 523
 
 . This Court held:
 

 The payments made by defendant after separation ... consisted entirely of defendant's separate property. From the record before us, it would appear that defendant should be credited with at least the amount by which he decreased
 
 *533
 
 the principal owed on the marital home. Upon remand the court shall make a determination as to this issue.
 

 Id.
 
 at 491,
 
 355 S.E.2d at 523
 
 .
 

 According to this Court's holdings in
 
 Morris
 
 and
 
 Hunt,
 
 the trial court is prohibited from considering post-separation payments made pursuant to an alimony order under the statute, but is not prohibited from considering post-separation payments made outside of a court-ordered spouse's support obligation. Here, the trial court was prohibited from giving Plaintiff any credit for the $178,600.00 of post-separation support he was ordered to pay Defendant, and the court gave no consideration to that amount. The trial court did not violate N.C. Gen.Stat. § 50-20 by considering the income Plaintiff paid to Defendant
 
 in excess
 
 of his court-ordered obligation to pay post-separation support in its equitable distribution award.
 

 Defendant also argues the overpayment should have been reserved for the court in determining her pending alimony claim. If and when Defendant prosecutes her claim for alimony, the court may properly consider the estates of the parties, which would include the allocation of assets under the equitable distribution judgment.
 
 See
 
 N.C. Gen.Stat. § 50-20(f) ("After the determination of an equitable distribution, the court, upon request of either party, shall consider whether an order for alimony ... should be modified or vacated pursuant to G.S. 50-16.9 or 50-13.7."); N.C. Gen.Stat. § 50-16.3A(b) (2013) (setting forth the factors for the court to consider in determining alimony, including
 
 *456
 
 "[t]he relative assets and liabilities of the spouses" and "[a]ny other factor relating to the economic circumstances of the parties that the court finds to be just and proper"). The extent to which Defendant's estate is affected by the judgment on equitable distribution may be a factor she may possibly argue to the trial court determining an award of alimony for Defendant. This argument is overruled.
 

 IV. Expert Testimony and Report
 

 Defendant argues the trial court erred by excluding the testimony and report of her expert, Graham D. Rogers ("Rogers"). We disagree.
 

 A. Standard of Review
 

 Trial courts have "wide latitude of discretion when making a determination about the admissibility of expert testimony."
 
 State v. Bullard,
 

 312 N.C. 129
 
 , 140,
 
 322 S.E.2d 370
 
 , 376 (1984). Decisions "regarding what expert testimony to admit will be reversed only for an abuse of
 
 *534
 
 discretion."
 
 State v. Alderson,
 

 173 N.C.App. 344
 
 , 350,
 
 618 S.E.2d 844
 
 , 848 (2005) (citation omitted).
 

 B. Analysis
 

 Plaintiff and Defendant each retained their own experts to prepare a valuation of CPTA. Defendant retained Rogers to review the financial records of CPTA and to render an expert opinion of the value of CPTA as of the date of marriage, the date of separation, and as of 31 December 2011. Rogers has twenty-five years of financial, accounting and business expertise in the context of business valuation. After
 
 voir dire,
 
 the court accepted Rogers as an expert in business valuation.
 

 Rogers prepared a report dated 17 June 2014 containing his conclusions of the fair market value of CPTA as of those three dates. The parties exchanged their expert reports on the Wednesday prior to trial.
 

 Rogers realized he had made a mistake on his report by failing to factor in taxes on CPTA's earnings prior to applying his capitalization rate. Rogers notified Defendant's attorney of the mistake at approximately 11:00 p.m. on the Friday prior to trial. Rogers provided Defendant's attorney with a new report on Saturday evening. Defendant's attorney forwarded it to Plaintiff's attorney. The trial court did not allow the corrected report into evidence because Plaintiff's attorney had received it on the eve of trial.
 

 The court heard
 
 voir dire
 
 testimony from Rogers and ruled upon the admissibility of the original, 17 June 2014 report. The court permitted Plaintiff's counsel to
 
 voir dire
 
 Rogers about the facts and data he used, the reliability of his principles and methods as applied to those facts, and whether his report would assist the trier of fact. The court found Rogers's report contained material errors and his conclusions as to value contained in the report were unreliable. The court excluded the report under Rule of Evidence 702 and determined the report would not assist the trier of fact. N.C. Gen.Stat. § 8C-1, Rule 702 (2013).
 

 Defendant has failed to show the trial court abused its discretion by excluding the 17 June 2014 report, which Graham admitted contained an inaccurate opinion of the value of CPTA. Rogers's reliance on incorrect data rendered the report unreliable. The trial court did not abuse its discretion when it excluded the report and Rogers's opinion testimony based upon inaccurate data. This argument is overruled.
 

 V. Conclusion
 

 The trial court properly considered income Plaintiff paid to Defendant in excess of his court-ordered obligation to pay post-separation support,
 
 *535
 
 and allowed Plaintiff a credit to offset the amount owed to Defendant under the equitable distribution award.
 

 The trial court properly excluded Graham's 17 June 2014 report and testimony. The report was unreliable and not helpful to the finder of fact. We affirm the trial court's order.
 

 AFFIRMED.
 

 Judges BRYANT and GEER concur.