An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-628

Filed 17 September 2025

Wake County, No. 20 CVS 2678

CATHERINE C. FIELDS, Plaintiff,

v.

AJAY BHARATSINH RANA, Defendant.

Appeal by Plaintiff from orders entered 28 November 2022 and 11 January 2024 by Judge Keith Gregory in Wake County Superior Court. Heard in the Court of Appeals 5 November 2024.

> *Law Offices of John M. Kirby, PLLC, by Attorney John M. Kirby, for plaintiff-appellant.*

> *Rodgers Waters Law, PLLC, by Attorney Cameron V. Frick, for defendant-appellee.*

STADING, Judge.

Catherine C. Fields ("Plaintiff") appeals from an order granting Ajay Bharatsinh Rana's ("Defendant") motion for a directed verdict and an order denying her motion for a new trial. On appeal, Plaintiff raises several evidentiary challenges and asserts the trial court committed error by granting Defendant's motion for a directed verdict. After careful consideration, we discern no prejudicial error in part;

no error in part; and affirm in part.

## I. Background

This matter involves an action for personal injury and property damage arising from a motor vehicle collision on 25 September 2019. Plaintiff filed a complaint against Defendant on 27 February 2020, asserting negligence. In his answer, Defendant admitted to breaching his duty of care "in the operation of his vehicle"; however, he contested the issue of causation and damages.

Defendant moved in limine on 7 November 2022, seeking to preclude Plaintiff from offering evidence of liability insurance, evidence of injury without medical causation testimony, and evidence of property damage since the parties previously "settled . . . the claim." The trial court granted Defendant's motion, ordering that Plaintiff and her witnesses are prohibited from testifying or otherwise mentioning:

> (i) the existence or non-existence of any possible insurance policy that may provide Defendant coverage herein;

> (ii) that any of Plaintiff's alleged injuries resulted from the subject motor vehicle collision, until such causation has been established by a qualified medical expert; and

> (iii) that Defendant owes Plaintiff compensation for her property damage[.]

Plaintiff proceeded pro se at trial and called Defendant as a witness. During the exchange, Defendant testified that he approached an intersection with a yellow light. He recounted that as he drove through the intersection, another vehicle from his left hit the "tail area of [his] car." Defendant remembered losing control of his

vehicle, spinning into the intersection, and going to "the opposite side" where Plaintiff's car was located. Defendant stated that he "tried to control [his] car, but it was out of control because [the] other car had pushed [him] in the tail area."

Plaintiff presented photographs of the damage to her vehicle and explained to the jury that Defendant had struck her car. She described being "tossed around in the car" and hitting the dashboard. Plaintiff also attempted to offer several exhibits into evidence, including her medical records and bills, and attempted to tender herself as an expert witness.

At the close of evidence, Defendant moved for a directed verdict, asserting that Plaintiff "failed to meet and demonstrate a prima facie case of negligence . . . on the issue of proximate cause[.]" The trial court granted Defendant's motion, emphasizing that no medical practitioner had testified to authorize Plaintiff's medical records or to establish a proximate cause for her injuries.

Plaintiff moved for a new trial on 5 December 2022 under N.C. Gen. Stat. § 1A-1, Rule 59(a)(1), (3), (8) (2023), which the trial court denied on 11 January 2024. Following the denial of Plaintiff's motion, she entered notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7A-27(b)(1) (2023) ("From any final judgment of a superior court . . . ."), 7A-27(b)(4) (2023) ("From any other order or judgment of the superior from which an appeal is authorized by statute."), and 1-277(a) (2023) ("An appeal may be taken from every judicial order . . . that grants

- 3 -

or refuses a new trial.").

## III.    Analysis

On appeal, Plaintiff challenges the denial of her Rule 59 motion and maintains the trial court's entry of a directed verdict for Defendant was erroneous.  In support, Plaintiff raises several evidentiary challenges.  She argues the trial court committed errors by not allowing her to testify as to the contents of her medical records, property damage, and medical bills.  She also contends the trial court erred in determining the applicability of Rule 411,[1] erred by concluding she had rested her case, and erred by not allowing her to present testimony by "audio and visual means."  Finally, Plaintiff contests the trial court's granting of Defendant's motion for a directed verdict.

A party may move for a new trial pursuant to the following causes or grounds under Rule 59:

> (1) Any irregularity by which any party was prevented from having a fair trial;
>
> . . . .

---

[1] We note Plaintiff failed to preserve review of her Rule 411 argument since she did not attempt to introduce the evidence at trial after the trial court ruled on Defendant's motion in limine.  *See Heatherly v. Indus. Health Council*, 130 N.C. App. 616, 620, 504 S.E.2d 102, 105 (1998) (cleaned up) ("[A] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence. . . . A party objecting to an order granting or denying a motion *in limine*, in order to preserve the evidentiary issue for appeal, is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted)."); *see also, e.g., Davis v. Davis*, 360 N.C. 518, 522–523, 631 S.E.2d 114, 118 (2006) ("In order to obtain relief under Rule 59(a)(8), a defendant must show a proper objection at trial to the alleged error of law giving rise to the Rule 59(a)(8) motion. Neither defendant's post-trial motion nor the remaining record before us shows a proper objection at trial to any of the rulings at issue. Nothing else appearing, from the record before us, defendant failed to preserve his right to pursue a Rule 59(a)(8) motion.").

> (3) Accident or surprise which ordinary prudence could not
> have guarded against;
>
> . . . .
>
> (8) Error in law occurring at the trial and objected to by the
> party making the motion[.]

*Id.* § 1A-1, Rule 59(a)(1), (3), (8). The relevant standard of review for Rule 59 motions depends on the ground asserted below. "For motions brought under Rule 59(a)(1)–(6) and (9), 'a motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion.'" *Jonna v. Yaramada*, 273 N.C. App. 93, 105, 848 S.E.2d 33, 44 (2020) (citation omitted). A "motion for a new trial pursuant to . . . Rule 59(a)(8) presents questions of law which receive *de novo* review on appeal." *N.C. Indus. Capital, LLC v. Clayton*, 185 N.C. App. 356, 371, 649 S.E.2d 14, 25 (2007).

## A. Evidentiary Challenges

### *1. Expert Testimony*

Plaintiff maintains that because she testified to being a nurse with twenty-two years of experience in critical care, she qualified as an expert witness under N.C. Gen. Stat. § 8C-1, Rule 702 (2023), and the trial court should have allowed her to testify as an expert regarding her injuries. She asserts the trial court erred by sustaining Defendant's objection "on the grounds that [Plaintiff] was not competent to read [the

medical] records."[2]  Although the trial court abused its discretion by not allowing her to attempt to lay a Rule 702 foundation, Plaintiff was not by prejudiced by this error.

We review a trial court's decision to exclude expert testimony under an abuse of discretion standard.  *Miller v. Miller*, 243 N.C. App. 526, 533–34, 778 S.E.2d 451, 456 (2015); *State v. McGrady*, 232 N.C. App. 95, 102–03, 753 S.E.2d 361, 368 (2014).  "Under an abuse of discretion standard, we must 'determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision.'"  *Stephens v. Stephens*, 213 N.C. App. 495, 503, 715 S.E.2d 168, 174 (2011) (citation omitted).

"In cases involving 'complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.'"  *Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 752–53 (2003) (citation omitted); *Graves v. Harrington*, 6 N.C. App. 717, 721, 171 S.E.2d 218, 221 (1969) (citation and quotation marks omitted) ("Where a layman can have no well-founded knowledge and can do no more than indulge in mere speculation (as to the cause of a physical condition), there is no proper foundation for a finding by the trier without expert medical testimony.").  "Our courts

---

[2] Plaintiff's contention mischaracterizes Defendant's objections and the trial court's ruling as it relates to the medical records.  Defendant objected to Plaintiff's introduction of her medical records on the grounds of relevance, foundation, and authenticity—not competency.  Our review leads us to conclude that Plaintiff waived review of the trial court's exclusion of the medical records under these grounds since she failed to raise the issue on appeal.  N.C. R. App. P. 28(b)(6).

rely on medical experts to show medical causation because 'the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen[.]'" *Azar v. Presbyterian Hosp.*, 191 N.C. App. 367, 371, 663 S.E.2d 450, 453 (2008) (citation omitted). To that end, "[n]urses are qualified to render expert opinions as to the cause of a physical injury even though they are not licensed to diagnose illnesses or prescribe treatment, and there is no basis for any preference of licensed physicians for such medical testimony." *State v. White*, 340 N.C. 264, 294, 457 S.E.2d 841, 858 (1995).

Rule 702 of the North Carolina Rules of Evidence provides the procedures for testimony by expert witnesses:

> (a) If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if all of the following apply:
>
> (1) The testimony is based upon sufficient facts or data.
>
> (2) The testimony is the product of reliable principles and methods.
>
> (3) The witness has applied the principles and methods reliably to the facts of the case.

N.C. Gen. Stat. § 8C-1, Rule 702 (2023).

"This three-step framework—namely, evaluating qualifications, relevance, and reliability—is not new to North Carolina law." *State v. McGrady*, 368 N.C. 880, 892, 787 S.E.2d 1, 10 (2016). "First, the witness must be qualified as an expert, such that the witness is in a better position than the trier of fact to have an opinion on the subject. Expertise can come from practical experience as much as from academic training." *State v. Mason*, 286 N.C. App. 121, 127, 879 S.E.2d 324, 330 (2022) (cleaned up). "Second, the expert testimony must be relevant; that is, it must assist the trier of fact to understand the evidence. In order to assist the trier of fact, expert testimony must provide insight beyond the conclusions that jurors can readily draw from their ordinary experience." *Id.* (cleaned up). And "[t]hird, the trial court must assess the reliability of the testimony to ensure that it complies with the three-pronged test in Rule 702(a)(1) to (a)(3)." *Id.* at 128, 879 S.E.2d at 331. "Whatever the type of expert testimony, the trial court must assess the reliability of the testimony to ensure that it complies with the three-pronged test in Rule 702(a)(1) to (a)(3)." *McGrady*, 368 N.C. at 892, 787 S.E.2d at 10.

"Whether expert witness testimony is admissible under Rule 702(a) is a preliminary question that a trial judge decides pursuant to Rule 104(a). In answering this preliminary question, the trial judge is not bound by the rules of evidence except

those with respect to privileges."[3]  *Id.* (citation and quotation marks omitted).  If "factual findings are necessary to answer this question, the trial judge acts as the trier of fact," and the trial court "must find these facts by the greater weight of the evidence."  *Id.*  In view of these findings, "[t]he trial court then concludes . . . whether the proffered expert testimony meets Rule 702(a)'s requirements of qualification, relevance, and reliability."  *Id.* at 893, 787 S.E.2d at 11.

At trial, Plaintiff sought to introduce her medical records into evidence, which Defendant objected to on the grounds of relevance, authenticity, and foundation:

> [PLAINTIFF]: I would also like to show you -- or myself or -- my records -- my medical records.
>
> THE COURT: Ma'am, I'm not sure what you're going to try to introduce into evidence.
>
> . . . .
>
> [PLAINTIFF]: I would like to offer the defendant -- the counsel what I'm showing here, Exhibit Number 9.
>
> THE COURT: And what is Exhibit Number 9, ma'am?
>
> [PLAINTIFF]: It is Carolina Primary Care, Dr. Legadapati.
>
> THE COURT: Counsel?
>
> [DEFENSE COUNSEL]: Objection; relevance, authenticity, and foundation.

---

[3] Rule 104(a) states: "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges." N.C. Gen. Stat. § 8C-1, Rule 104(a) (2023).

THE COURT: Sustained.

After sustaining Defendant's objection, the trial court told Plaintiff that she could only authenticate the medical record and testify to proximate cause with a qualified medical expert such as a doctor:

> If you're trying to introduce medical records and you don't have a doctor that's going to say what those records are, I'm not letting that into evidence. You don't have an expert witness here. We talked about this on Monday. I'm not going to let you introduce records into evidence without a doctor that's going to get up here to say to a jury, "This is what these medical records mean." It doesn't make a difference if your name is on there. It doesn't make a difference whatsoever. You don't have a doctor that's going to tell this jury what it is that you're saying that occurred to your body because of this accident. I'm not letting those medical records come in.
>
> . . . .
>
> You're not introducing those records to this jury. You're not the doctor that did the treatment of your -- whatever your injuries are. If you've got medical records, if you've got a doctor and that doctor is going to come on that witness stand and say to the jury, "This is what this is," then that's how those records will be introduced into evidence. Not because your name is on those documents.
>
> . . . .
>
> So, now, if you have a witness, i.e., doctor, that you're going to call to the witness stand that's going to say, "Judge Gregory, members of this jury, I am Dr. Such-and-such, this is my profession, this is what I do," and then you tender him or her as an expert, then the Court will allow for that expert witness to testify. But you're not going to introduce medical records in without a proper witness.

The trial court's in-court ruling conformed with its written order granting Defendant's pretrial motion in limine: "Plaintiff and her witnesses are prohibited from testifying . . . that any of Plaintiff's injuries resulted from the subject motor vehicle collision, until such causation has been established by a qualified medical expert." Plaintiff then attempted to tender herself as an expert witness:

> [PLAINTIFF]: First of all, I would like to say that I'm a registered nurse.
>
> THE COURT: Just --
>
> [PLAINTIFF]: I would like to make myself the expert witness on these documents. I could read them off.
>
> THE COURT: Not allowed. No, ma'am.

Plaintiff contends she laid proper foundation based on the following testimony: "[S]he was a retired registered nurse[;] [s]he worked in critical care for 22 years[; and] [s]he testified that if someone came to her and she looked at them, she could probably diagnose their problem." In the face of Plaintiff's request to tender herself as an expert, the trial court replied, "Not allowed. No ma'am." Although Plaintiff's statements do not amount to a proper foundation under Rule 702, the trial court abused its discretion.

Even though the trial court abused its discretion by not allowing Plaintiff to attempt to lay the requisite Rule 702 foundation, she was not prejudiced by this error. *See N.C. DOT v. Mission Battleground Park, DST*, 370 N.C. 477, 483–84, 810 S.E.2d 217, 222 (2018) (citations and quotation marks omitted) ("Having established that

the trial court erroneously invoked subsection 93A-83(f) to exclude . . . expert testimony, we turn to the question of whether that error was prejudicial or harmless. In civil cases, [t]he burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby."); *see also Hajmm Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 589, 403 S.E.2d 483, 490 (1991) (citations and quotation marks omitted) ("Though the Court of Appeals incorrectly determined that [the doctor's] challenged testimony was admissible, we conclude that its admission was harmless error."). "To establish prejudice and be entitled to a new trial, the appellant must show there is a reasonable probability that he would have received a favorable verdict had the error not occurred." *Hajmm*, 328 N.C. at 589, 403 S.E.2d at 490.

Plaintiff was not prejudiced by this error because even if she laid the proper Rule 702 foundation, she failed to introduce the medical record into evidence in accordance with N.C. Gen. Stat. § 8C-1, Rule 803(6) and failed to authenticate the medical record under N.C. Gen. Stat. § 8C-1, Rule 901. Thus, Plaintiff would not have been able to testify to the information contained in the medical record, and she would not have been able to testify to the ultimate cause of her injury. *Id.* § 8C-1, Rule 704 (2023). Moreover, even assuming Plaintiff had properly offered the medical record into evidence and tendered herself as an expert witness, it is irrelevant. N.C. Gen. Stat. § 8C-1, Rule 401 (2023). The medical record is irrelevant since it contains no treatment history or diagnosis arising from the incident at bar in 2019. Indeed,

the records Plaintiff sought to admit merely contain reports from medical treatment received in 2013, 2014, and 2016. Thus, the evidence does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* We hold Plaintiff was not prejudiced by this error since there is not a reasonable probability that a different verdict would have been reached at her trial. *See Hajmm*, 328 N.C. at 589, 403 S.E.2d at 490.

### 2. Property Damage

Plaintiff asserts that the trial court committed error by sustaining Defendant's objection to the introduction of a document highlighting her property damage claim. The document Plaintiff sought to introduce—Exhibit No. 12—lists various claims of property damage. For example, it included "services rendered to [her] car before [the] crash." The exhibit contains an "equity value" of her car, as well as claimed fees for property taxes and car insurance. It also included Plaintiff's estimation of how long her car would have lasted based on how long her previous car lasted. Additionally, it included "services to the new car" after the accident, such as an inspection, wheel alignment, and window tint removal. The record shows the trial court excluded Plaintiff's exhibit under the evidentiary rule concerning compromise and offers to compromise. N.C. Gen. Stat. § 8C-1, Rule 408. *See Opsahl v. Pinehurst, Inc.*, 81 N.C. App. 56, 63, 344 S.E.2d 68, 73 (1986) (citations and quotation marks omitted) ("[A] trial court's 'ruling must be upheld if it is correct upon any theory of law[,]' and thus

it should 'not be set aside merely because the court gives a wrong or insufficient reason for [it].'"); *see*, *e.g.*, *Bracey v. Murdock*, 286 N.C. App. 191, 195, 195, 880 S.E.2d 707, 710, 710 (2022).

Regardless of the trial court's reason to exclude the exhibit from admission into evidence, no error occurred since the exhibit is not relevant and its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *See* N.C. Gen. Stat. § 8C-1, Rules 401, 403. "Whether evidence is relevant is a question of law . . . [and] we review the trial court's admission of the evidence *de novo*." *Holland v. French*, 273 N.C. App. 252, 262-263, 266, 848 S.E.2d 274, 282, 284 (2020) (cleaned up). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2023). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403.

Here, the exhibit is not "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. And even if the exhibit was somehow relevant, excluding it from evidence would

be appropriate under Rule 403 since its probative value, if any, "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" Accordingly, Plaintiff's assignment of error is overruled.

### 3. Audio Testimony

Plaintiff also contends the trial court committed error by not allowing her to present testimony by "audio and visual means." She asserts the trial court abused its discretion by determining that no statute or rule allows a witness to testify by "audio and visual means."

"In a civil proceeding involving a jury, the court may allow a witness to testify by audio *and* video transmission only upon finding in the record that *good cause exists for doing so under the circumstances*." N.C. Gen. Stat. § 7A-49.6(c) (2023) (emphasis added); *see also Clark v. Baldwin*, 297 N.C. App. 231, 909 S.E.2d 397 (2024) (unpublished) ("The standard of review for 'good cause' determinations is an abuse of discretion."). Additionally, "[a]ll proceedings under this section shall be conducted using videoconferencing applications approved by the Administrative Office of the Courts." *Id.* § 7A-49.6(j).

Although the trial court acted under a misapprehension of law by stating in its order that "Plaintiff's request to have a witness testify by telephone was properly denied as there is no statute or rule allowing a witness to testify by audio and video transmission," she was not prejudiced by this error since a witness may testify by audio and video transmission under section 7A-49.6(c) upon the trial court finding

"that good cause exists for doing so under the circumstances." *See Cash v. Cash*, 284 N.C. App. 1, 7, 874 S.E.2d 653, 658 (2022) ("A trial court abuses its discretion when it acts under a misapprehension of law."); *see also Mission Battleground Park*, 370 N.C. at 483–84, 810 S.E.2d at 222 ("Having established that the trial court erroneously invoked subsection 93A-83(f) to exclude . . . expert testimony, we turn to the question of whether that error was prejudicial or harmless.").

At trial, Plaintiff requested to call a witness to testify by telephone:

> THE COURT: And I'm going to cut to the chase: Is it your intention to ask to introduce that affidavit into evidence?
>
> [PLAINTIFF]: I would like to. And I would also ask you whether or not if I were to call her would she be able to testify per phone?
>
> THE COURT: No, ma'am. No.

Plaintiff did not offer "good cause . . . under the circumstances," she merely requested to call the witness "per phone."[4] Thus, even though the trial court did not permit testimony by the requested means, Plaintiff suffered no prejudice since she failed to satisfy the statutory criteria permitting audio and video transmission testimony. *See Opsahl*, 81 N.C. App. at 63, 344 S.E.2d at 73. Thus, even if the trial court recognized the existence of section 7A-49.6, the outcome of Plaintiff's request at trial would not have been different. *See Hajmm*, 328 N.C. at 589, 403 S.E.2d at 490

---

[4] The record is unclear as to whether Plaintiff intended to present the witness by audio transmission only, or by audio and video transmission. We note the plain language of N.C. Gen. Stat. § 7A-49.6(c) requires the witness to testify by audio *and* video means.

(citations and quotation marks omitted) ("In civil cases, [t]he burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby."). Plaintiff's argument is therefore overruled.

### *4. Resting*

Additionally, the trial court did not err in concluding Plaintiff rested her case at the close of her evidence. At trial, the following colloquy ensued:

> [PLAINTIFF]: I don't know that I have anything more to say, sir.
>
> [THE COURT]: All right. Cross-examination.
>
> [DEFENSE COUNSEL]: No cross-examination, Your Honor.
>
> [THE COURT]: All right. Any further witness, [Plaintiff]?
>
> [PLAINTIFF]: Not if you can't take Diane's, no.

Plaintiff rested her case by stating that she had no more evidence or witnesses to present. *See Allied Spectrum, LLC, v. German Auto Ctr., Inc.*, 250 N.C. App. 308, 312, 793 S.E.2d 271, 274 (2016) (brackets and quotations in original) ("At the conclusion of plaintiff's argument, plaintiff explicitly stated that it '[had] no further comments[,]' a phrase typically used to indicate that a party was resting its case. Further, the trial court foreclosed any further evidence . . . . Given this context, we hold that plaintiff had, at the close of the hearing, rested its case."). By confirming she did not have more witnesses and nothing else to say, Plaintiff uttered "a phrase

typically used to indicate that a party was resting its case." *Id.* Plaintiff's assignment of error is therefore overruled.

## B. Directed Verdict

Plaintiff contends the trial court erred in granting Defendant's motion for a directed verdict because she proved actual damages. We disagree since Plaintiff failed to offer sufficient evidence of causation—a necessary element of her claim.

"The standard of review for a directed verdict is *de novo.*" *Lloyd v. Norfolk S. Ry. Co.*, 231 N.C. App. 368, 375, 752 S.E.2d 704, 708 (2013). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal.'" *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citations omitted).

Under North Carolina law, a party may move for a directed verdict under N.C. Gen. Stat. § 1A-1, Rule 50(a) (2023). "A motion for a directed verdict presents the question of whether, as a matter of law, the evidence offered by plaintiff, when considered in the light most favorable to the plaintiff, is sufficient to be submitted to the jury." *Roberts v. William N. & Kate B. Reynolds Mem'l Park*, 281 N.C. 48, 53, 187 S.E.2d 721, 724 (1972). Upon considering such a motion, "a trial court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of every reasonable inference arising from the evidence. Any conflicts and inconsistencies in the evidence must be resolved in favor of the non-moving party." *Maxwell v. Michael P. Doyle, Inc.*, 164 N.C. App. 319, 322, 595 S.E.2d 759, 761 (2004).

Here, drawing every reasonable inference in Plaintiff's favor, we discern no error in the trial court's grant of a directed verdict. Plaintiff filed a complaint against Defendant, asserting negligence and resulting injuries therefrom. "The essential elements of any negligence claim are the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." *Babb v. Bynum & Murphrey, PLLC*, 182 N.C. App. 750, 752, 643 S.E.2d 55, 57 (2007) (internal quotation marks and citations omitted). In response to Plaintiff's negligence suit, Defendant stipulated to breaching his duty of ordinary care. But Defendant maintained that the accident was not a proximate cause of Plaintiff's injuries.

Plaintiff bears the burden of establishing the elements of negligence. In doing so, Plaintiff needed to adhere to the Rules of Evidence. It was incumbent on Plaintiff to "show that the medical records at issue reflect treatment of an injury that was causally related to the alleged negligence of the defendant." *Daniels v. Hetrick*, 164 N.C. App. 197, 201, 595 S.E.2d 700, 703 (2004). It was also incumbent on Plaintiff to properly tender an expert witness, authenticate the medical record, and demonstrate this causal connection. *Gillikin v. Burbage*, 263 N.C. 317, 325, 139 S.E.2d 753, 760 (1965). Because Plaintiff failed to do either, the trial court did not err by granting Defendant's motion for a directed verdict.

Since Plaintiff failed to introduce any evidence of an essential element of her

negligence claim—proximate cause—the trial court appropriately granted Defendant's motion for directed verdict. *See Gibson v. Ussery*, 196 N.C. App. 140, 146, 675 S.E.2d 666, 670 (2009) ("[P]laintiff has not made a sufficient showing on the element of proximate cause. Taking the facts in the light most favorable to plaintiff, there is no evidence beyond mere conjecture and speculation that defendants' alleged negligence was the proximate cause of [the plaintiff's] fall and her injuries. Without more, plaintiff has failed to make a *prima facie* case on all the elements of negligence and a directed verdict is appropriate."). Plaintiff's assignment of error is thus overruled.

## IV. Conclusion

We hold the trial court committed error by not allowing Plaintiff to attempt to lay the requisite Rule 702 foundation, but such error was not prejudicial. Further, we hold the trial court did not commit error by sustaining Defendant's evidentiary objections or by concluding Plaintiff rested her case-in-chief. And no prejudice resulted to Plaintiff when she was not permitted to provide audio and video transmission testimony since she failed to follow the statutory protocol. And, since Plaintiff failed to meet her evidentiary burden to sustain her cause of action for negligence, we hold the trial court properly granted Defendant's motion for directed verdict. Accordingly, we affirm the trial court's denial of Plaintiff's Rule 59 motion for a new trial.

NO PREJUDICIAL ERROR IN PART; NO ERROR IN PART; AFFIRMED IN PART.

Judge GRIFFIN concurs.

Judge WOOD concurs in result only.

Report per Rule 30(e).