COMMERCIAL CREDIT EQUIPMENT CORPORATION v. WILLIAM L. THOMPSON, JR. AND JENNIE H. THOMPSON

No. 8026DC71

(Filed 2 September 1980)

Fraud §9– sale of tractor – installment sales contract – other equipment added – sufficiency of allegations of fraud

In an action to recover on an installment sales contract for the purchase of a tractor, the trial court erred in entering judgment on the pleadings for plaintiff assignee of the contract where defendants' allegations that several amounts of money in the "cash price" column of the purported contract were added after they signed it, that they were told by a duly authorized agent or partner of the tractor sales company, acting within the course and scope of

his agency, that he wanted to add used equipment which defendants already owned to the contract in order to provide insurance on the equipment, and that defendants, acting in reliance on this misrepresentation, allowed said items to be added, not knowing that additional amounts would be added to the contract were sufficiently particular to raise a genuine issue as to fraud.

ON writ of certiorari to review judgment of *Black, Judge.* Judgment entered 27 August 1979 in District Court, MECKLEN-BURG County. Heard in the Court of Appeals 4 June 1980.

Plaintiff (herinafter Commercial Credit) filed its complaint against defendants (hereinafter the Thompsons) alleging therein that Commercial Credit is the owner and holder of a certain contract executed by the Thompsons, that the Thompsons have defaulted on their payments under the contract and owe Commercial Credit a balance of $4,915.44, and that the Thompsons have refused Commercial Credit's demands for payment of the balance. The contract in question was dated 17 April 1973 and entitled a "Purchase Security Agreement." The contract listed the Thompsons as the buyers, Harris Tractor and Implement Company (hereinafter Harris Tractor) as seller and secured party (assignor), and Commercial Credit as assignee of the contract. The equipment allegedly sold to the Thompsons for $10,718.13 was listed in the contract.

The Thompsons filed an answer wherein they admitted that Commercial Credit was the owner of the contract. They alleged that several amounts of money in the "cash price" column of the purported contract were added after they signed said contract; that a fraud was perpetrated upon them, in that they were told by a duly authorized agent or partner of Harris Tractor, acting within the course of and scope of his agency and employment, that he wanted to add the used equipment to the contract in order to provide insurance on the equipment; that the Thompsons, acting in reliance on this misrepresentation, allowed said items to be added, not knowing that the additional amounts would be added to the contract; and that they have suffered damages. The Thompsons denied that they owed any money on the contract.

As a counterclaim, the Thompsons alleged that Ms. R.M. Harris, now Ann Harris Hanks (hereinafter Ms. Hanks), was a

partner of Harris Tractor at the time of the contract and was an agent of Commercial Credit with regard to procuring contracts such as the contract in question. (Ms. Hanks signed the contract for Harris Tractor.) The Thompsons further alleged that Ms. Hanks and her agent perpetrated the described fraud upon them and that they were not given credit for the down payment on the new equipment in the amount of $3,908.98. The Thompsons prayed for punitive damages in the amount of $25,000. Commercial Credit denied the allegations of the counterclaim.

The Thompsons then filed a third-party complaint against Ms. Hanks wherein they alleged that they purchased several pieces of new farm equipment (described in the contract) from Harris Tractor; that Ms. Hanks or her agent perpetrated a fraud upon the Thompsons by telling them that she wanted to add several pieces of used equipment, which already belonged to the Thompsons, to the purchase agreement for the purpose of obtaining insurance coverage on these articles of equipment; that the Thompsons were not given credit for the down payment on the new equipment; and that they did not receive a copy of the contract until several years after 1973. Ms. Hanks denied the allegations of fraud in her answer.

Commercial Credit filed interrogatories inquiring: (1) as to whether, at the time of the signing of the purported contract, the Thompsons realized that the contract would be assigned to Commercial Credit; (2) as to the amount of annual payment the Thompsons expected to pay under the contract; (3) as to the number of annual payments the Thompsons expected to pay; and (4) as to the date and amount of each payment made on the contract. The Thompsons responded that: (1) they were not aware of the assignment; (2) and (3) they did not know the amount or number of annual payments; and (4) at the time, they did not have sufficient information to provide the dates and amounts of their payments, but they believed all payments had been made to Commercial Credit.

Commercial Credit filed a motion for entry of judgment on the pleadings. The motion was allowed. The court found that the pleadings established that Commercial Credit is the owner and holder of the purchase security agreement admittedly ex-

ecuted by the Thompsons; that the balance due and owing is $4,915.44; that the Thompsons were given notice with respect to attorney's fees; and that their answer failed to raise a meritorious defense as against Commercial Credit's cause of action. Defendants appealed.

*Fairley, Hamrick, Monteith & Cobb, by Laurance A. Cobb and F. Lane Williamson, for plaintiff appellee.*

*Chambers, Stein, Ferguson & Becton, by John W. Gresham, for defendant appellants.*

ERWIN, Judge.

The sole question raised by defendants is: "Did the trial court err in granting plaintiff's motion for judgment on the pleadings?" We answer, "Yes."

Plaintiff contends that the judgment is proper, in that the Thompsons admitted either expressly or by implication all the material facts necessary to plaintiff's claim for relief and did not allege a viable affirmative defense against plaintiff. Specifically, the Thompsons, in their answer, admitted execution of the contract and generally denied that any debt was owed. Further, plaintiff argues that the Thompsons failed to allege the affirmative defense of payment and failed to allege fraud in the factum or fraud in the treaty with particularity.

Our Supreme Court, in *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974), held as follows with reference to judgment on the pleadings: "All allegations in the nonmovant's pleadings, except conclusions of law, legally impossible facts, and matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion."

The Thompsons alleged the following in their answer:

"It is admitted upon information and belief that the plaintiff is the owner of the purported contract attached to the Complaint; however, the defendants allege upon information and belief that several amounts of money in the

money column of the purported contract were added to the purported contract after they signed it and further, upon information and belief, the defendants allege that a fraud was perpetrated upon them in that they were told by either a duly authorized agent or partner of Harris Tractor & Implement Co. acting within the course and scope of his agency and employment that they wanted to add the used equipment to the contract in order to provide insurance on it, and defendants, acting in reliance on this misrepresentation allowed said items to be added, not knowing that they were giving a lien on said items of equipment and not knowing that the additional amounts of money would be added to the contract, and therefore defendants have suffered damages."

We hold that the Thompsons' answer raises a material issue of fact when the allegations are taken in the light most favorable to the Thompsons; thus, the entry of judgment on the pleadings was improper. The issue of fraud was pleaded, in our opinion, with sufficient particularity to withstand plaintiff's motion for judgment on the pleadings. *See Ragsdale v. Kennedy, supra; Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311 (1965); *Early v. Eley*, 243 N.C. 695, 91 S.E. 2d 919 (1956).

G.S. 25A-25(a) provides:

"§ 25A-25. *Preservation of consumers' claims and defenses.* — (a) In a consumer credit sale, a buyer may assert against the seller, assignee of the seller, or other holder of the instrument or instruments of indebtedness, any claims or defenses available against the original seller, and the buyer may not waive the right to assert these claims or defenses in connection with a consumer credit sales transaction. Affirmative recovery by the buyer on a claim asserted against an assignee of the seller or other holder of the instrument of indebtedness shall not exceed amounts paid by the buyer under the contract."

The sale of goods to be used primarily for agricultural purposes is a consumer credit sale. G.S. 25A-2. Plaintiff, as an assignee of the seller, is subject to defendants' plea of fraud. Thus, defendants' defense is not a baseless one.

The trial court erred in entering a judgment on the pleadings.

The judgment entered below is

Reversed.

Chief Judge MORRIS and Judge CLARK concur.