CALABRIA, Judge.
After plaintiff rested its case, it did not have an absolute right to voluntarily dismiss its complaint, and the trial court did not err in entering summary judgment. Where defendants supported their motion for summary judgment with affidavits, and plaintiff has failed to meet its burden on appeal of specifically showing the existence of a genuine issue of material fact, the trial court did not err in granting summary judgment in favor of defendants.
I. Factual and Procedural Background
In early 2013, German Auto Center, Inc. ("German") entered into negotiations with Kargo Corporation ("Kargo") concerning the sale of a gas station business located in Apex, North Carolina, and on 4 April 2013, Kargo contracted to purchase the gas station from German. The contract was signed by Kokila Amin ("Amin") on behalf of Kargo. Subsequently, Kargo transferred its interests to its successor at interest, Allied Spectrum, LLC ("plaintiff"). Amin, who had signed the contract on behalf of Kargo, was also a manager of plaintiff. On 1 May 2013, Kargo and German executed a lease agreement concerning the property on which the gas station was located. This lease was amended on the same day, and Amin's signature appears on both the agreement and the amendment. Physical possession of the property was delivered to plaintiff on 1 May 2013.
On 31 July 2014, plaintiff brought the instant action against German, its vice president Mohamed Ali Darar, and its president Reem Tamim Darar (collectively, "defendants"). Plaintiff's verified complaint alleged six counts of breach of contract, one count of breach of lease, one count of fraud in the inducement, one count of civil conspiracy, and one count of unfair and deceptive practices; and sought a declaratory judgment declaring the purchase agreement unenforceable, quantum meruit, and to pierce the corporate veil. Specifically, this complaint alleged that defendants, in the lease agreement, agreed to grant plaintiff a rent credit if plaintiff opened a food service business on the premises; that plaintiff installed equipment for food service and began serving food to customers; and that defendants subsequently refused to apply that credit. The complaint further alleged that on 1 July 2013, the Wake County Revenue Department issued a tax bill on the property showing a roughly 26% increase on property taxes; that on 11 March 2013, the Apex Planning & Community Development Department issued a notice of violation to defendants for various violations of unapproved site work; that because of these and other violations, the property was not issued a Certificate of Occupancy by the Town of Apex until 10 December 2013; that Kargo's application for an Alcoholic Beverage Permit was approved for Kargo but denied for the location due to defendants' failure to comply with Town of Apex building codes; that on 30 April 2013, defendants received a notice from the North Carolina Department of Environment and Natural Resources, Division of Waste Management, Underground Storage Tank Section ("DENR") listing ten different violations of North Carolina code and law on the property; that neither Kargo nor plaintiff were informed of these violations prior to 5 May 2013; and that despite numerous demands by plaintiff, multiple issues with the location that existed prior to closing were not addressed *273 by defendants, resulting in months of delay in plaintiff opening its business.
On 30 September 2014, defendants filed a verified answer to plaintiff's complaint, asserting three affirmative defenses of breach of contract, as well as waiver and estoppel, due diligence, and failure to join necessary parties. The answer also included a motion to dismiss. On 18 February 2015, defendants filed an amended answer and motion to dismiss, ostensibly alleging (but containing no arguments concerning) the defenses of accord and satisfaction, estoppel, injury by fellow servant, and release and waiver. The motion for dismissal was specifically sought pursuant to Rules 12(b)(6) (failure to state a claim) and 12(b)(7) (failure to join necessary parties) of the North Carolina Rules of Civil Procedure.
In April of 2015, defendants filed a motion for summary judgment, alleging that no genuine issues of material fact existed, and a motion to compel plaintiff to respond to defendants' first set of interrogatories. Defendants also filed a request for production of documents, or alternatively to dismiss for failure to prosecute. Plaintiff filed a motion to continue trial, contending that no pre-trial conferences had been held, no pre-trial orders had been entered, and discovery was still ongoing.
On 29 April 2015, the trial court held a hearing on defendants' motion for summary judgment. At the close of the hearing, the trial court took the matter under advisement to provide the parties the opportunity to present supplemental materials and arguments regarding the validity of the purported verification of the complaint. These materials were due the following day, 30 April 2015. However, on 30 April 2015, plaintiff filed a notice of voluntary dismissal without prejudice.
On 7 July 2015, the trial court entered an order on defendants' motion for summary judgment, first noting that, subsequent to the hearing, plaintiff filed a notice of voluntary dismissal. The trial court held that the notice of voluntary dismissal "does not divest this Court of ruling on [a] Motion for Summary Judgment, but the Court will consider any claims surviving the Motion for Summary Judgment to be voluntarily dismissed without prejudice." The trial court granted summary judgment in favor of defendants and dismissed plaintiff's claims with prejudice.
On 4 August 2015, plaintiff filed notice of appeal from the trial court's order granting summary judgment in favor of defendants. On 11 September 2015, the trial court entered an order extending the time in which plaintiff could serve the record on appeal.
Plaintiff appeals.
II. Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
III. Analysis
Although plaintiff raises two arguments on appeal, they are both fundamentally the same argument, to wit: that the trial court erred in granting summary judgment in favor of defendants. We disagree.
A. Voluntary Dismissal
First, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants following plaintiff's filing of a notice of voluntary dismissal. "[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief." Roberts v. Young , 120 N.C.App. 720, 726, 464 S.E.2d 78, 83 (1995). Plaintiff contends that it had not rested its case when the notice of voluntary dismissal was filed, and that it was therefore entitled to voluntarily dismiss the complaint at any time.
The pivotal issue is whether plaintiff had rested its case. This Court has previously held that, "[w]here a party appears at a summary judgment hearing and produces evidence or is given an opportunity to produce evidence and fails to do so, and the question is submitted to the court for decision, he has 'rested his case' within the meaning of *274 Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure. He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i)." Maurice v. Hatterasman Motel Corp. , 38 N.C.App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978). Thus, the question is whether plaintiff had rested its case at the close of the 29 April 2015 hearing on defendants' motion for summary judgment.
Plaintiff contends that the hearing had not concluded. Specifically, plaintiff notes that the trial court chose to "take the matter under advisement [,]" and offered the parties the opportunity "to provide ... supplemental case law" to the court. However, upon examination of the transcript, we disagree.
At the hearing, plaintiff made extensive arguments that "what this complaint hinges on[ ] is whether these false and misleading representations were made [,]" and that this was a "clear-cut factual issue." Plaintiff asserted that "these factual issues would be better suited to be resolved at trial and not in a summary judgment issue." Defendants were permitted to respond, after which plaintiff spoke once again. When plaintiff's counsel finished speaking this time, counsel stated, "I have no further comments[.]" In response, the trial court stated the following:
Um, I'm going to take the matter under advisement. I know time is of the essence, but I want to provide you an opportunity, if you choose, to provide for me supplemental case law solely on the issue of the validity of the purported verification in the complaint-of the complaint. Um, and I would like that by noon tomorrow.
Upon review, we find plaintiff's argument unconvincing. It is clear that plaintiff was afforded the opportunity to argue the issue of summary judgment, and in fact did so. At the conclusion of plaintiff's argument, plaintiff explicitly stated that it "[had] no further comments[,]" a phrase typically used to indicate that a party was resting its case. Further, the trial court foreclosed any further evidence, stating that the sole remaining matter before the court was the validity of plaintiff's purported verification. Given this context, we hold that plaintiff had, at the close of the hearing, rested its case. "[A]fter resting his case, a plaintiff forfeits the absolute right to take a dismissal." Pardue v. Darnell , 148 N.C.App. 152, 155, 557 S.E.2d 172, 174 (2001). We hold that, because plaintiff had rested its case and lost its absolute right to voluntarily dismiss the case, the trial court did not err in entering an order on defendants' summary judgment motion.
This argument is without merit.
B. Summary Judgment
Second, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. Plaintiff contends, specifically, that the trial court erred in upholding defendants' objection to plaintiff's verified complaint.
In its argument on appeal, plaintiff contends that "[t]he Complaint sets forth facts with great specificity that would be admissible at trial[,]" and that "had the verified complaint been treated as an affidavit, ... then there would have been genuine issues of material fact present warranting a denial of Defendants' Motion." However, plaintiff does not allege what specific issue of material fact would have been created were the complaint to be treated as an affidavit.
"A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." Lowe v. Bradford , 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). "If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." Id . Thus, the burden on plaintiff, at trial and now on appeal, is to show the existence of a genuine issue of material fact. Further, under this burden, "the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, as provided by Rule 56, set forth specific facts showing that there is a genuine issue for trial." Haithcock v. Chimney Rock Co. , 10 N.C.App. 696, 699, 179 S.E.2d 865, 867 (1971).
*275 On appeal, plaintiff has the burden of establishing "specific facts showing that there is a genuine issue for trial." Plaintiff's argument, however, is purely procedural; plaintiff contends that the trial court erred in declining to treat its verified complaint as an affidavit. The only argument plaintiff offers on genuine issues of material fact is a passing, bare assertion that "there would have been genuine issues of material fact present [,]" absent any supporting explanation, arguments, or citations.
We hold that plaintiff has failed to meet its burden on appeal of demonstrating the existence of a genuine issue of material fact. Therefore, the trial court's order is affirmed.
AFFIRMED.
Judge DAVIS concurs.
Judge TYSON dissents in a separate opinion.