ARROWOOD, Judge.
 

 *591
 
 Kenneth L. McBride and Mary A. McBride ("defendants") appeal from an order granting Ford Motor Credit Company LLC's ("plaintiff") motion to dismiss defendants' counterclaims and motion for summary judgment. For the reasons stated herein, we reverse the order of the trial court.
 

 I.
 
 Background
 

 On 25 February 2016, plaintiff filed a complaint against defendants for breach of contract. The complaint alleged that defendants had executed a contract with Randy Marion Incorporated ("Randy Marion") on 19 March 2015 to purchase a new 2015 Ford Transit Connect (the "vehicle"). Under the contract, defendants agreed to finance $24,953.52 at an annual percentage rate of 9.69%, for a total sale price of $34,385.12. Defendants agreed to make seventy-two monthly payments of $460.21. Sometime after defendants and Randy Marion entered into the contract, Randy Marion assigned the contract to plaintiff. Plaintiff further alleged that defendants defaulted on the contract by failing to pay plaintiff and "[a]fter giving credit for all payments received, for the proceeds from the sale of the vehicle, if any are due, and for any amounts received under any contract of insurance, the Defendants owe a balance of $7,709.67 as of August 21, 2015[.]"
 

 On 10 June 2016, defendants filed a verified "Motions, Answer and Counterclaims[.]" Defendants moved to dismiss for failure to join a necessary and indispensable party pursuant to Rule 12(b)(7) of the North Carolina Rules of Civil Procedure, and in the alternative, moved to join Ford Motor Company and Randy Marion as defendants. Defendants alleged, in support of their affirmative defenses and counterclaims, as follows: On or about 19 March 2015, defendants purchased the vehicle for their personal use. The vehicle was sold to defendants by Randy Marion and Ford Motor Company as a new vehicle, with full warranties from Ford Motor Company, as the manufacturer of the vehicle. Within twenty-four hours of purchasing the vehicle, defendants noticed that the passenger seat
 
 *644
 
 continued to fall into a reclining position and would not remain upright "due to a fundamental defect in the design and manufacture of the vehicle." The defect was not apparent at the time of purchase. On 23 March 2015, defendants contacted Ford Motor Company to report the defect and were directed to take the vehicle back to Randy Marion for inspection and repair. Defendants went to Randy Marion that same day and Randy Marion refused to inspect the vehicle or to make any repairs. Defendants returned to Randy Marion on three additional dates: 24 March 2015, 26 March 2015, and 27 March 2015. On each occasion, defendants were turned away without Randy Marion making any inspections or repairs. Defendants rejected acceptance of the vehicle
 
 *592
 
 by returning the vehicle to Randy Marion on 27 March 2015. Defendants advanced the following counterclaims: breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of express warranty; and revocation of acceptance of nonconforming goods.
 

 On 11 August 2016, plaintiff filed a reply to defendants' motion and counterclaims.
 

 On 21 November 2016, plaintiff filed a motion to dismiss defendants' counterclaims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and a motion for summary judgment.
 

 On 23 March 2017, the trial court entered an order granting plaintiff's motion to dismiss and dismissing defendants' counterclaims with prejudice. The trial court also granted plaintiff's summary judgment motion, entering judgment against defendants in the amount of $7,709.67, with interest thereon at 9.69% per annum from 21 August 2015 until the date of judgment, interest at the statutory post-judgment rate from the date of judgment until paid in full, reasonable attorney's fees in the amount of $1,156.45, and court costs.
 

 On 19 April 2017, defendants timely filed notice of appeal.
 

 II.
 
 Discussion
 

 A.
 
 Joining Necessary Parties
 

 In the first issue on appeal, defendants argue that the trial court erred by failing to allow defendants to join necessary parties to the action. Defendants contend that Randy Marion and Ford Motor Company are necessary parties.
 

 On 10 June 2016, defendants filed a Rule 12(b)(7) motion, and in the alternative, a motion to join necessary parties. Upon thorough review, however, we can find nothing in the record before us that indicates that the trial court ruled on the merits of defendants' Rule 12(b)(7) motion or alternative motion to join necessary parties. In addition, neither plaintiff nor defendants can point us to a direct ruling. Thus, defendants have waived review of this issue by failing to obtain a ruling pursuant to N.C. R. App. P. 10(a)(1) (2018) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and a party
 
 must
 
 "
 
 obtain a ruling
 
 upon the party's request, objection, or motion.") (emphasis added).
 

 *593
 
 B.
 
 Motion to Dismiss for Failure to State a Claim
 

 In their second issue on appeal, defendants argue that the trial court erred by granting plaintiff's motion to dismiss defendants' counterclaims with prejudice under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We agree.
 

 The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 185,
 
 254 S.E.2d 611
 
 , 615 (1979) (citations omitted). "This Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4,
 
 aff'd per curiam
 
 ,
 
 357 N.C. 567
 
 ,
 
 597 S.E.2d 673
 
 (2003).
 

 We first note that this case involves a "consumer credit sale" within the meaning of N.C. Gen. Stat. § 25A-2, and therefore, the
 
 *645
 
 provisions of Chapter 25A, entitled "Retail Installment Sales Act," are applicable. N.C. Gen. Stat. § 25A-2(a) (2017) ("a 'consumer credit sale' is a sale of goods or services in which (1) The seller is one who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, (2) The buyer is a natural person, (3) The goods or services are purchased primarily for a personal, family, household or agricultural purpose, (4) Either the debt representing the price of the goods or services is payable in installments or a finance charge is imposed, and (5) The amount financed does not exceed seventy-five thousand dollars ($75,000)[.]").
 

 N.C. Gen. Stat. § 25A-25 provides as follows:
 

 (a) In a consumer credit sale, a buyer may assert against the seller, assignee of the seller, or other holder of the instrument or instruments of indebtedness, any claims or defenses available against the original seller, and the buyer may not waive the right to assert these claims or defenses in connection with a consumer credit sales transaction. Affirmative recovery by the buyer on a claim asserted against an assignee of the seller or other holder of the instrument of indebtedness
 
 *594
 
 shall not exceed amounts paid by the buyer under the contract.
 

 (b) Every consumer credit sale contract shall contain the following provision in at least ten-point boldface font:
 

 NOTICE
 

 ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
 

 N.C. Gen. Stat. § 25A-25(a) - (b) (2017). Based upon the plain language of N.C. Gen. Stat. § 25A-25, plaintiff, as an assignee of the seller, is subject to any of defendants' claims and defenses which might be asserted against Randy Marion.
 
 See
 

 Commercial Credit Equipment Corp. v. Thompson
 
 ,
 
 48 N.C. App. 594
 
 ,
 
 269 S.E.2d 286
 
 (1980) (judgment on the pleadings was in error, where N.C. Gen. Stat. § 25A-25(a) applied, and the plaintiff, as assignee of the seller, was subject to the defendants' plea of fraud).
 

 Defendants' first counterclaim was for breach of the implied warranty of merchantability. In order to recover for breach of the implied warranty of merchantability, a party must establish that:
 

 (1) a merchant sold goods, (2) the goods were not "merchantable" at the time of sale, (3) the [party] (or his property) was injured by such goods, (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury, and (5) the plaintiff so injured gave timely notice to the seller.
 

 Ismael v. Goodman Toyota
 
 ,
 
 106 N.C. App. 421
 
 , 430,
 
 417 S.E.2d 290
 
 , 295 (1992) (citations omitted).
 

 In the present case, defendants alleged that the vehicle was sold to them by Randy Marion, a dealer engaged in the business of automobile sales; that the vehicle was not in merchantable condition at the time of sale or any time thereafter, as the passenger seat continued to fall into a reclining position and would not remain upright; the vehicle failed to provide safe and reliable transportation, proximately causing damages to defendants; and that four days after purchasing the vehicle, defendants returned to Randy Marion in an attempt to have the vehicle inspected
 
 *595
 
 and defect repaired. These allegations, taken as true as is required when ruling on a 12(b)(6) motion, are sufficient to state a claim for breach of the implied warranty of merchantability.
 

 Defendants' second counterclaim alleged a breach of the implied warranty of fitness for a particular purpose pursuant to
 
 N.C. Gen. Stat. § 25-2-315
 
 .
 
 N.C. Gen. Stat. § 25-2-315
 
 provides:
 

 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that
 
 *646
 
 the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [ G.S. 25-2-316 ] an implied warranty that the goods shall be fit for such purpose.
 

 N.C. Gen. Stat. § 25-2-315
 
 (2017).
 

 Defendants alleged that they informed agents of Randy Marion that "they were in the market for a vehicle for their personal use that could transport both Defendants at the same time." Randy Marion's agents told defendants that the vehicle "could safely transport both Defendants at the same time and that the vehicle was brand new with no mechanical issues." Defendants alleged that based on these assurances, they relied on Randy Marion's agents' skill and judgment to select a suitable vehicle for the intended purpose. Randy Marion's agents knew or had reason to know that defendants were relying on them. Furthermore, defendants alleged that the vehicle was not fit for defendants' purpose because the passenger seat would not remain upright, making transportation unsafe and unreliable. Taking defendants' allegations as true, they state a claim for which relief can be granted sufficient to survive a 12(b)(6) motion to dismiss.
 

 In their third counterclaim, defendants alleged a breach of express warranty.
 
 N.C. Gen. Stat. § 25-2-313
 
 (1) provides:
 

 (1) Express warranties by the seller are created as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
 

 *596
 

 N.C. Gen. Stat. § 25-2-313
 
 (1)(a)-(b) (2017). The seller does not need to use formal words such as "warrant" or "guarantee," nor does he need to have a specific intention to make a warranty.
 
 N.C. Gen. Stat. § 25-2-313
 
 (2). Recovery under this claim requires proof of "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant."
 
 Harbor Point Homeowners' Ass'n v. DJF Enters., Inc.
 
 ,
 
 206 N.C. App. 152
 
 , 162,
 
 697 S.E.2d 439
 
 , 447 (2010) (citation and quotation marks omitted).
 

 Defendants alleged that at the time of purchase, they informed agents of Randy Marion that they were "in the market for a vehicle that they both could ride in for their personal use." Randy Marion's agents stated that the vehicle "could safely transport both Defendants at the same time and that the vehicle was brand new with no mechanical issues." Defendants further alleged that they relied on this express warranty when purchasing the vehicle and would not have purchased it had Randy Marion's agents not represented to them that the vehicle was in "good working order and fit to transport" them both. Randy Marion's agents breached the express warranty when the vehicle was not in good working order. Defendants also alleged that Randy Marion and Ford Motor Company breached a written warranty which formed part of the basis of the bargain and upon which defendants relied. The written warranty had promised to repair or replace, free of charge, any vehicle parts found to be defective in materials or workmanship within thirty-six months or 36,000 miles. Defendants' allegations, treated as true, are sufficient to state a claim upon which relief can be granted.
 

 In their final counterclaim, defendants alleged that they revoked their acceptance of the non-conforming vehicle.
 
 N.C. Gen. Stat. § 25-2-608
 
 (1)(a) provides that
 

 (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it ... (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
 

 N.C. Gen. Stat. § 25-2-608
 
 (1)(a)-(b) (2017). Moreover, "[r]evocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the
 
 *647
 
 ground for it and before any substantial change in condition of the goods which is not caused by
 
 *597
 
 their own defects. It is not effective until the buyer notifies the seller of it."
 
 N.C. Gen. Stat. § 25-2-608
 
 (2).
 

 Here, defendants alleged that the defect in the vehicle existed at the time of sale and substantially impaired the value of the vehicle to defendants. Defendants accepted the vehicle without having previously discovered the nonconformity because the defect was not apparent at the time of purchase and because of the assurances made by Randy Marion's agents. Defendants further alleged that they revoked acceptance of the vehicle by returning it to Randy Marion and informing Ford Motor Company that they no longer wanted the vehicle. Revocation was within a reasonable time after they discovered or should have discovered the non-conformity and there was no substantial change in the condition of the vehicle not caused by its own defects in its entirety. These allegations, taken as true, are sufficient to overcome plaintiff's 12(b)(6) motion to dismiss.
 

 In conclusion, we hold that defendants' allegations set forth in the counterclaims, when treated as true, were sufficient to withstand plaintiff's 12(b)(6) motion to dismiss. Thus, the trial court erred by dismissing defendants' counterclaims.
 

 C.
 
 Summary Judgment
 

 In their final argument, defendants contend that the trial court erred in granting summary judgment in favor of plaintiff on its claim. Defendants argue that there was a genuine issue of material fact as to the condition of the vehicle.
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 523-24,
 
 649 S.E.2d 382
 
 , 385 (2007) ). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. Moreover, the party moving for summary judgment bears the burden of establishing the lack of any triable issue."
 
 Dalton v. Camp
 
 ,
 
 353 N.C. 647
 
 , 651,
 
 548 S.E.2d 704
 
 , 707 (2001) (citations omitted). "If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so."
 
 Allied Spectrum, LLC v. German Auto Center, Inc.
 
 , --- N.C. App. ----, ----,
 
 793 S.E.2d 271
 
 , 274 (2016) (citation and quotation marks omitted). The non-moving party "may not rely upon the bare allegations of
 
 *598
 
 his complaint to establish triable issues of fact, but must, by affidavits or otherwise, as provided by Rule 56, set forth specific facts showing that there is a genuine issue for trial."
 

 Id.
 

 (citation and quotation marks omitted).
 

 In support of its motion for summary judgment, plaintiff submitted the affidavit of Jennifer Axon ("Axon"), one of its employees. Axon's affidavit stated that she was a custodian of records for plaintiff and that those records indicated as follows: defendants executed a retail installment contract with Randy Marion on 19 March 2015 for the purchase of the vehicle; defendants agreed to pay the financed purchase price of $24,953.52 by making seventy-two monthly payments of $460.21; plaintiff was assigned the rights of Randy Marion under this contract; Randy Marion received a complaint from defendants regarding the passenger seat of the vehicle; Randy Marion investigated the complaint and found the seat was not defective; Ford Motor Company sent a field engineer to investigate defendants' complaint and found no defect; defendants defaulted on the payment of the retail installment contract; possession of the vehicle was retaken on 24 July 2015; and a deficiency balance of $7,709.67 remains due on the installment contract.
 

 Plaintiff argues that defendants failed to submit any evidence to oppose its affidavit, and as such, plaintiff has proven that there are no genuine issues of material fact. We disagree. Defendants' verified 10 June 2016 "Motions, Answer and Counterclaims" "constitute an 'affidavit' for purposes of determining either party's right to summary judgment."
 
 Whitehurst v. Corey
 
 ,
 
 88 N.C. App. 746
 
 , 748,
 
 364 S.E.2d 728
 
 , 729 (1988). "Rule 56(e) does not deny that a
 
 *648
 
 properly verified pleading which meets all the requirements for affidavits may effectively 'set forth specific facts showing that there is a genuine issue for trial.' "
 
 Schoolfield v. Collins
 
 ,
 
 281 N.C. 604
 
 , 612,
 
 189 S.E.2d 208
 
 , 212-13 (1972).
 

 Because there is a genuine issue of material fact as to the condition of the vehicle at the time of sale, we are unable to say that plaintiff has met its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Thus, the trial court erred by granting summary judgment in favor of plaintiff.
 

 The 23 March 2017 order, dismissing defendants' counterclaims with prejudice and granting summary judgment in favor of plaintiff, is reversed.
 

 REVERSED.
 

 Judges CALABRIA and ZACHARY concur.