**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2057**

---

THE CHALLENGE PRINTING CO. OF THE CAROLINAS, INC.,

         Plaintiff - Appellant,

and

CHAD SASSO,

         Plaintiff,

     v.

TESLA, INC.,

         Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cv-00024-D)

---

Submitted:  May 6, 2024                             Decided:  May 31, 2024

---

Before KING, RICHARDSON, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Brycen G. Williams, WILLIAMS & RAY, PLLC, Raleigh, North Carolina, for Appellant.  Michael L. Mallow, Rachel A. Straus, SHOOK, HARDY & BACON,

L.L.P., Los Angeles, California, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Challenge Printing Co. of the Carolinas, Inc. ("Challenge Printing"), appeals the district court's orders granting Tesla, Inc.'s motion to dismiss Challenge Printing's claims asserting that Tesla breached an express warranty and engaged in unfair and deceptive trade practices in connection with a defect in the touchscreen of the vehicle Tesla sold to it, and denying Challenge Printing's motion for reconsideration under Fed. R. Civ. P. 59(e). Finding no reversible error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations in the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Thus, the complaint's factual allegations must do more than create "a sheer possibility that a defendant has acted unlawfully"; the complaint must "plausibly suggest an entitlement to relief." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (internal quotation marks omitted).

To state a claim for breach of express warranty in North Carolina, a plaintiff must show: "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant." *Ford Motor Credit Co. v. McBride*, 811 S.E.2d 640, 646 (N.C. Ct. App. 2018) (internal quotation marks omitted). Plaintiffs making a

3

breach of express warranty claim must also show that "'the defects complained of existed at the time of the sale.'" *City of High Point v. Suez Treatment Sols., Inc.*, 485 F. Supp. 3d 608, 628 (M.D.N.C. 2020) (quoting *Pake v. Byrd*, 286 S.E.2d 588, 590 (N.C. Ct. App. 1982)).

The district court correctly concluded that Challenge Printing failed to sufficiently state a claim for breach of express warranty. Challenge Printing did not sufficiently allege that the defect existed at the time of sale, as the defect did not arise until nearly a year and a half after the date of purchase. *See, e.g.*, *Carlton v. Goodyear Tire & Rubber Co.*, 412 F. Supp. 2d 583, 591 (M.D.N.C. 2005) (applying North Carolina law, no inference of defect in plaintiff's malfunctioning tires arose when issue was not discovered until over a year after the sale); *see also Goodman v. Wenco Foods, Inc.*, 423 S.E.2d 444, 452 (N.C. 1992) (compliance, or lack thereof, with industry or government standards is not conclusive as to breach of warranty). The district court therefore also properly dismissed Challenge Printing's other claims based on a breach of express warranty. *See, e.g.*, *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 998 (S.D. Cal. 2015) ("claims [under Magnuson-Moss Warranty Act] stand or fall with the state-law claims").

Next, to establish a claim under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), a plaintiff must establish (1) the defendant committed an unfair or deceptive act or practice; (2) the act or practice in question was in or affecting commerce; and (3) the act or practice proximately caused injury to the plaintiff. *Bumpers v. Comm. Bank of N. Va.*, 747 S.E.2d 220, 226 (N.C. 2013). A practice qualifies as unfair "when it offends established public policy as well as when the practice is immoral, unethical,

4

oppressive, unscrupulous, or substantially injurious to consumers, and a practice is deceptive if it has the capacity or tendency to deceive." *Id.* at 228 (internal quotation marks omitted). Whether an act or practice is unfair or deceptive under the UDTPA is a question of law. *Tucker v. Boulevard at Piper Glen LLC*, 564 S.E.2d 248, 250 (N.C. Ct. App. 2002).

"[A]ctions for unfair or deceptive trade practices are distinct from actions for breach of contract[;] . . . a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Branch Banking & Tr. Co. v. Thompson,* 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). Similarly, "[a] breach of warranty, standing alone, does not constitute a violation of" the UDTPA. *Walker v. Fleetwood Homes of N.C., Inc.*, 653 S.E.2d 393, 399 (N.C. 2007); *see Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001) (requiring "some type of egregious or aggravating circumstances" to be alleged before the UDTPA is implicated (internal quotation marks omitted)). Thus, "a plaintiff must allege and prove egregious or aggravating circumstances to prevail on a UDTPA claim." *Wells Fargo Bank, N.A. v. Corneal*, 767 S.E.2d 374, 377 (N.C. Ct. App. 2014).

Here, the district court correctly determined that Challenge Printing failed to sufficiently allege false or deceptive trade practices in support of its claims. First, Challenge Printing's claims based on Tesla's alleged failure to disclose the defect at issue did not include any aggravating circumstances converting its breach of warranty claim into a UDTPA claim. *See Ellis v. Louisiana-Pac. Co.*, 699 F.3d 778, 787-88 (4th Cir. 2012) (holding allegation that defendant failed to inform consumers that product would not live up to expectations did not amount to unfair or deceptive trade practice). Second, Challenge

5

Printing failed to sufficiently allege any fraudulent misrepresentations of the warranty with particularity. *See* Fed. R. Civ. P. 9(b) (providing pleading standards for fraud claims); *see also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (noting plaintiff must adequately describe "time, place, and contents of false representations"). Third, Challenge Printing failed to allege any injury resulting from Tesla's practice of updating the terms of its warranties and retroactively applying those changes to prior warranties.

Finally, Challenge Printing argues that the court erred in denying relief on its Rule 59(e) motion. We review for abuse of discretion the denial of a Rule 59(e) motion. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Rule 59(e) relief is appropriate only "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Id.* Challenge Printing failed to demonstrate a clear error of law or manifest injustice. Instead, Challenge Printing primarily reargued the merits its breach of warranty and UDTPA claims. And, as stated above, these allegations alone were insufficient to support either claim.

Accordingly, we affirm the district court's orders and deny as unnecessary Tesla's motion for judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*